Mr. Justice SWAYHE
 

 delivered the opinion of the court.
 

 The plaintiffs in error were the defendants in the court below. The plaintiffs in that court filed their petition, setting forth a contract between them and the defendants, whereby the plaintiffs agreed to transport from Wales, and deliver at Algiers, opposite to Hew Orleans, certain railroad iron for the defendants, and the defendants agreed to pay them a stipulated compensation for such transportation and delivery. The petition averred performance, and sought to recover the specified compensation, less the amount which the plaintiffs had already received. The defendants, by their answer, denied performance, claimed damages by re-convention for non-performance, and pleaded the statute of limitations.
 

 The parties waived the intervention of a jury, and submitted the ease to the court. The court found the facts
 
 *655
 
 specially, and gave judgment for the plaintiffs below. The findings of the court are set forth in the record, and are to he regarded as a special verdict. The court found, among other things, that the iron had not been delivered within the contract time, but that it had been agreed between the parties, in September, 1854, that the plaintiffs should allow the defendants eight hundred pounds, on account of past delays, and that the time for the further deliveries should be extended to the first of December following; that the defendants refused to receive the iron tendered or shipped after tire last-mentioned time, and that it was thereupon disposed of, with the assent of all concerned; that the defendants had not shown any damage arising from the delays; that the delivery of the iron at blew Orleans was a breach of the contract, and that the defendants were entitled to recoup the cost of removing it to Algiers. Upon these principles, the amount to be recovered was computed, and judgment was rendered accordingly. The court was of opinion that the contract was “ not a contract for the payment of the freight of ships and other vessels within the 8449th article of the Civil Code,” of the State, and overruled the defence that the action was thereby barred. ifo bill of exceptions was taken, and but a small part of the evidence appears in the record.
 

 Two errors are relied upon; one of them relates to the statute of limitations. "We think the ruling of the court upon this subject was correct. The findings show that the plaintiffs were not ship-owners, and that their contract was ■wholly different from one of affreightment. The article of the Code relied upon had, therefore, no application to the case, if or can the demand be regarded as an open account. The contract was the foundation of the claim, and though not fulfilled .according to its letter, either as to the time or place of delivery, yet, with the qualifications which the law under such circumstances imposes, it determined the respective liabilities of the parties. The plaintiffs could not recover more than the contract price, and the recoupment
 
 *656
 
 of the defendants was governed by its requirements on the part of the plaintiffs. Its provisions were elements in the ease, vital to the rights of both parties. By their light, and the law arising upon the facts as developed in the evidence, the court was to be guided iu coming to its conclusions.
 

 The other error insisted upon is, that there is a fatal variance between the facts as found by the court, and by the case made by the plaintiffs’ petition.
 

 It does not appear that any of the evidence offered by the plaintiffs in the coui-t below was objected to by the defendants, nor does it appear that any exception was taken when the court announced its findings, or subsequently, when the judgment was entered.
 

 It was in the power of the court to permit the petition to be amended, and the proper amendments would doubtless have been made if the objection had been stated. It is presented for the first time in this court. Under these circumstances, it must be held to have been waived by the plaintiffs in error in the court below, and they are concluded by that waiver in this court.
 

 There is another ground upon which this exception must be overruled. It is not alleged that the findings of the court were unwarranted by the proofs, nor that the judgment does not conform to the law and justice of the case, as the case is thus presented. The objection is purely technical. It lies wholly in the variance between the averments of the petition and the facts as found by the court.
 

 The thirty-second section of the Judiciary Act of 1789, declares that the courts of the United States, “respectively, shall proceed and give judgment according as the right of the cause and the matter in law'shall appear unto them, without regarding imperfections, defects, or want of form in such writ, declaration, or other pleading, return process, or judgment, or course of proceeding whatsoever, except those only in case of demurrer, which the party demurring shall specially set down and express, together with his demurrer as the cause thereof.”
 

 
 *657
 
 The effect of this provision is decisive. Ro case more proper than the one before us, for its application, can be presented.
 

 The judgment below is
 

 AFFIRMED, 'WITH COSTS.