WESTINGHOUSE v. CARLTON.

(Circuit Court of Appeals, Second Circuit. January 13, 1913.)

No. 104.

1. MASTER AND SERVANT (§ 3*)—CONTRACT OF EMPLOYMENT—CONSIDERATION.
    Where defendant orally agreed that, if plaintiff would enter the employ of a corporation of which defendant was president, plaintiff should receive from the corporation $12,000 a year, and in addition 200 shares of the stock of the company from defendant at the end of each year's service, the contract was not nudum pactum as to the plaintiff's right to stock after the first year.
    [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 2, 3; Dec. Dig. § 3.*]

2. PLEADING (§ 430*)—VARIANCE—WAIVER OF OBJECTIONS.
    Plaintiff having orally agreed to enter the employment of an electric company at a salary of $12,000 per year and a bonus of 200 shares of the corporation's stock from defendant, defendant wrote plaintiff a letter so stating the arrangement as to provide that plaintiff should receive 200 shares of the stock at the end of each year's service. Plaintiff, in reply, called defendant's attention to the difference, and stated that he did not desire to accept defendant's letter beyond the oral arrangement, unless defendant was quite satisfied to have him do so, to which defendant replied that his letter was in accordance with his understanding of the matter, and trusted that it was satisfactory to plaintiff, to

which plaintiff did not reply, but entered the employment and received stock in accordance with the substituted arrangement for the years 1905 and 1906. *Held* that, even if the correspondence made a new contract, different from that alleged, the letters having been introduced in evidence without objection, plaintiff was entitled to recover according to the proof made by them, since, in case an objection had been made, he could have amended the complaint to conform to the proof.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1438–1441; Dec. Dig. § 430.*]

3. MASTER AND SERVANT (§ 73*)—CONTRACT OF EMPLOYMENT—DISLOYALTY.

Defendant induced plaintiff to enter the employ of a corporation at a salary of $12,000 a year, to be paid by the corporation, and 200 shares of stock, to be delivered to plaintiff each year by defendant. The contract was complied with and stock delivered for the years 1905 and 1906; but, on request for the stock for the year 1907, defendant wrote plaintiff, merely asking for more time in which to make delivery, but making no objection that plaintiff had been disloyal, though there had been differences of opinion as to management. *Held,* that it was plaintiff's duty to differ from defendant with reference to the corporation's management, if plaintiff honestly disagreed with defendant in respect thereto, and that plaintiff by reason of such difference was not chargeable with disloyalty, so as to deprive him of his right to the stock for the year 1907.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 90–102; Dec. Dig. § 73.*]

In Error to the District Court of the United States for the Southern District of New York; Charles M. Hough, Judge.

Action by Newcomb Carlton against George Westinghouse. Judgment for plaintiff, and defendant brings error. Affirmed.

Louis Marshall, of New York City, for plaintiff in error.
Rush Taggart, of New York City, for defendant in error.

Before LACOMBE, COXE, and WARD, Circuit Judges.

WARD, Circuit Judge. Carlton, the plaintiff below (defendant in error), sued Westinghouse to recover damages for his failure to deliver to the plaintiff 200 shares of assenting stock of the Westinghouse Electric & Manufacturing Company in the year 1907, and 200 shares in the year 1908 in accordance with a contract made between the parties in November, 1904. The answer denied that the defendant ever became legally bound to deliver the said stock to the plaintiff, and averred that the defendant's undertaking was to give, without any consideration moving to him therefor, such stock to the plaintiff at the end of each year of his service with the company upon the understanding that the plaintiff would at all times remain loyal to the defendant.

The plaintiff testified that the defendant, being president of the Westinghouse Company, asked him to go into the company's service as a vice president at a salary of $12,000 a year and that he individually would give him in addition to his salary from the company 200 shares of the stock in question at the end of the year's service. To this the plaintiff agreed, and November 29, 1904, he was appointed vice president of the company at a salary of $12,000 per an-

num by formal resolution of the board of directors. September 15, 1905, he wrote to the defendant as follows:

"111 Broadway, New York. September 15, 1905.

"Dear Mr. Westinghouse: You were to send me a letter regarding the 200 shares of Electric Company stock which has probably escaped your attention in the pressure of other things. I would be glad to have it at your convenience.

"Respectfully,                                        Newcomb Carlton."

Thereupon the following correspondence ensued:

"Pittsburgh, Pa., September 16, 1905.

"Newcomb Carlton, Esq., 111 Broadway, New York—Dear Mr. Carlton: This is to confirm our understanding arrived at when you entered the service of the Westinghouse Electric & Mfg. Co., as vice president, namely, that you are to receive 200 shares of the assenting stock of the company either from the Security Investment Company or from me at the end of each year's service. I regret exceedingly that great press of matters has prevented my writing this letter at an earlier date.

"Very truly yours,                                        Geo. Westinghouse."

"120 Broadway, New York, 18 September, 1905.

"Dear Mr. Westinghouse: Your letter of the 16th about the stock really goes further than my understanding of our conversation last November. At that time you said, according to my recollection, that I was to have 200 shares of Electric Company stock for the year's services. You did not, however, promise me the stock for each year of my service, and I therefore do not desire to accept your letter beyond the arrangement as I recall it, unless you are, in view of this explanation, quite satisfied to have me do so.

"Respectfully,                                        Newcomb Carlton."

"Pittsburgh, Pa., September 19, 1905.

"Newcomb Carlton, Esq., 111 Broadway, New York—Dear Mr. Carlton: In answer to your letter of the 18th, replying to my letter of the 16th, about the stock, would say that my letter is in accord with my understanding of the matter, and I trust it will be entirely satisfactory to you.

"Truly yours,                                        Geo. Westinghouse."

"111 Broadway, New York, 17 October.

"Dear Mr. Westinghouse: The several matters in my charge are in shape to turn over to others and there is nothing to prevent my sailing on the 26th. I understand that I am to go to England as a vice president of the American Company, and as such without authority, until such a time as you make me an officer of the British Company, when my authority is to be broad and full. Should Mr. Buchanan for any reason wish to retain his position as executive officer of the British Company, I would still expect to succeed him at the expiration of his term of office, which I understand is January 1st. My compensation to be my present salary and stock compensation, plus at least £1,500 from the British Company. The latter sum, however, to be paid after I have been placed in charge of the British Company. The usual traveling and other expenses to be borne by the American or British Company.

"Yours respectfully,                                        Newcomb Carlton.
"George Westinghouse, Esq., New York."

The defendant delivered 200 shares of the said stock to the plaintiff for the years 1905 and 1906. In 1907, when called upon for it by the plaintiff, he did not deny his liability; but on December 3d, after the employment for 1907 had terminated, asked for further time. Subsequently, considering himself to have been ill-used by the plaintiff, he refused to deliver to him the stock for that year, or for the

year 1908, at the end of which the plaintiff resigned his office as vice president of the company.

[1] The trial judge quite properly denied the defendant's request to charge that the defendant's engagement, except for the year 1905, was a case of nudum pactum. If the oral contract of November, 1904, alone is to be considered, the plaintiff's entry into the employment of the Westinghouse Company was admittedly consideration for the defendant's undertaking to give him 200 shares of stock for that year.

[2] The defendant, however, contends that the correspondence, if given any effect, made a new contract as to subsequent years, which was not sued upon. We do not think it made a·new contract. It shows that the parties had different understandings of the oral contract made in November, 1904. When the plaintiff, against his own interest and with perfect frankness, suggested in his letter of September 18th to the defendant that the defendant's letter of September 16th admitted a larger obligation under that contract than the plaintiff thought had been assumed, and that he would not be willing to accept it unless the defendant were entirely satisfied, in view of his explanation, the defendant replied that his letter was in accordance with the undertaking he intended to assume, and if the plaintiff was satisfied with the engagement so stated he, the defendant, was satisfied. The correspondence, the plaintiff having accepted this view, fixes precisely the character and extent of the contract made in November, 1904, about which the recollection of the parties differed, viz., that the 200 shares of stock were to be given the plaintiff for every year of his service.

Even assuming that the correspondence did make a new contract, still we think the plaintiff was entitled to recover. The letters in question were admitted without objection, and, being admitted, were in the case for all purposes. If they showed that the plaintiff was entitled to recover, though not under the contract stated in the complaint, the defendant should have objected on the ground of variance between the allegata et probata, so that an opportunity might have been afforded to amend the complaint. Not having done so, we will treat the complaint as amended, so as to make its allegations conform to the proof. Railroad Co. v. Lindsay, 4 Wall. 650, 18 L. Ed. 328.

[3] The further objection that the plaintiff forfeited any right to the stock for the years 1907 and 1908 because of disloyalty is hard to understand. He owed his loyalty to his employer, the Westinghouse Company, and only such loyalty as was consistent with that, to the defendant. The trial judge held that as to 1907 the defendant's letter of December 3d, asking merely for time in which to deliver the stock, was an admission of liability, and he instructed the jury that the plaintiff was entitled to recover the value of those shares; but he left the question of loyalty in 1908 to them, and they found in the plaintiff's favor. There were differences of opinion between the plaintiff and defendant as to management. It was the plaintiff's

duty to differ with the defendant, if he honestly disagreed with him in respect thereto.

The judgment is affirmed.