### GRISCOM–SPENCER CO. v. BERNIER.

(Circuit Court of Appeals, Second Circuit.   March 10, 1913.)

#### No. 180.

**1. MASTER AND SERVANT (§ 43*)—CONTRACT OF EMPLOYMENT—BREACH—ACTION—QUESTION FOR JURY.**

Where defendant's manager and treasurer contracted to employ plaintiff, and to deliver to him certain corporate stock as part consideration for his services, and in an action for breach of the contract it appeared that the value of the stock was less than par, whether defendant's manager and treasurer acted for defendant or individually in making such contract of employment, and the value of the stock, *held* for the jury.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 57, 58; Dec. Dig. § 43.*]

**2. MASTER AND SERVANT (§ 40*)—CONTRACT OF EMPLOYMENT—BREACH—EVIDENCE.**

Correspondence between plaintiff and the manager and treasurer of defendant, pursuant to which plaintiff claimed he was employed to serve defendant, and for breach of which contract he sued, was admissible.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 47–49; Dec. Dig. § 40.*]

**3. CORPORATIONS (§ 521*)—ACTS OF OFFICERS—AUTHORITY—CONTRACT OF EMPLOYMENT.**

Where defendant's manager and treasurer employed plaintiff to work for defendant, but there was evidence from which it appeared that in doing so he did not act in his official capacity, an instruction reviewing such evidence, and charging that, unless the jury found that such treasurer, in making the agreement, was acting for defendant, it was not liable, was proper.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2094–2098; Dec. Dig. § 521.*]

In Error to the District Court of the United States for the Southern District of New York; Walter C. Noyes, Judge.

Action by Louis L. Bernier against the Griscom-Spencer Company. Judgment for plaintiff for $2,738.40, and defendant brings error. Affirmed.

Burlingham, Montgomery & Beecher, of New York City (Norman B. Beecher and Ray Rood Allen, both of New York City, of counsel), for plaintiff in error.

Dennis F. O'Brien and M. L. Malevinsky, both of New York City, for defendant in error.

Before LACOMBE and COXE, Circuit Judges, and HAZEL, District Judge.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

COXE, Circuit Judge. This action was brought to recover upon a contract of employment by which, the plaintiff alleges, the defendant agreed to pay him $100 a week and $20,000 worth of stock of the James Reilly Repair & Supply Company (the predecessor of the defendant), which stock was to be assigned to him at the rate of $3,000 per year, the contract to remain in force until the entire $20,000 worth of stock had been acquired by the plaintiff. He asserts that he performed the contract in good faith until June 15, 1907, when he was wrongfully discharged by the defendant, who refused to transfer to him any part of the $20,000 worth of stock and he demands judgment for $3,000 worth of stock for each of the three years he was in the defendant's employ.

[1, 2] The trial court submitted to the jury the single question of plaintiff's right to recover for the third year ending June 15, 1907, deciding all the other questions in favor of the defendant. This certainly was as favorable a ruling on the law of the case as the defendant could desire. It limited the recovery, in any event, to $3,000 and as the jury found the value of the stock to be less than par, their verdict was for $2,700. The questions relating to the value of the stock and the actual intention of the parties were all for the jury and were fairly presented to them by the trial judge. The letters between the plaintiff and Bowman were properly received in evidence as the contract alleged in the complaint depended upon the construction given to this correspondence.

[3] The question whether Bowman was acting in his individual capacity or as agent of the company was properly left to the jury as it could not be determined as matter of law. The court charged on this subject as follows:

"The first thing you will take up, in considering the case, is the question as to whether this letter was written by Mr. Bowman in his official capacity, or whether it was written by him individually and personally, and if you find that it was written by him in his official capacity you will then come to the question as to whether, if it was so written, it was binding upon the company. It would be observed that the letter is signed by Mr. Bowman without his official title and is written on the official letter head of, apparently, the first Reilly corporation, which did not have the word 'The' in its name. Now, it is apparent from this letter, that some one was promising stock to the plaintiff and the first question to consider is who made the promise? The corporation, through Mr. Bowman, its manager and treasurer, or Bowman individually? Unless you find that Bowman, in making the agreement, was acting for the corporation, your verdict must be for the defendant."

We think this states the question as fairly for the defendant as the facts justified. There was sufficient testimony to warrant the jury in finding that, as to the third year of the plaintiff's employment, there was an agreement between him and the defendant that he should remain in the company's employ on the terms stated in the letter of April 18, 1906. See, as bearing upon the questions involved, our decisions in Crichfield v. Julia, 147 Fed. 65, 77 C. C. A. 297, and Westinghouse v. Carlton (C. C. A.) 202 Fed. 129, decided January 13, 1913.

The judgment is affirmed with costs.