**BLAIR, Commissioner of Internal Revenue, v. CURRAN.**

Circuit Court of Appeals, First Circuit.
February 4, 1928.

No. 2172.

1. Internal revenue ⊚⟹25—Decision of Board of Tax Appeals on evidence introduced and arguments presented before enactment of 1926 Revenue Act held not reviewable; "hearing" (Revenue Act 1924, § 274 [a], being 26 USCA § 1048; Revenue Act 1926, § 283 [j], being 26 USCA § 1064 [j]).

After imposition of income or profits tax under Revenue Act 1924, taxpayer appealed under section 274 (a) of that act (26 USCA § 1048; Comp. St. 6336½zz [1]) to Board of Tax Appeals. Before decision, Revenue Act 1926 was enacted, section 283 (j) of which (26 USCA § 1064 [j]) provides that, in cases within subdivision (b), where hearing has been had before board before enactment of the act, and decision is rendered thereafter, such decision shall be final. The case was conceded to be within subdivision (b). Held, that the taxpayer having presented evidence and made oral argument, had had a "hearing" within the meaning of the act, and the Circuit Court of Appeals was without jurisdiction to review the decision of the board, notwithstanding briefs were not filed until after hearing was concluded.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Hearing.]

2. Internal revenue ⊚⟹25—Review of decision of Board of Tax Appeals is limited to questions of law (Revenue Act 1924, §§ 274 [b], 900 [g], being 26 USCA §§ 1049, 1218; Act 1924, § 907 [a] as added by Act 1926, § 1000, being 26 USCA § 1219 [a]; Revenue Act 1926, §§ 283 [j], 284 [d], 1001 [b], and 1003, being 26 USCA §§ 1064 [j], 1065 [d'], 1224 [b], 1226).

Revenue Act of 1926, giving Circuit Court of Appeals exclusive jurisdiction to review decisions of Board of Tax Appeals, under sections 283 (j), 284 (d), 1001 (b), 1003 (26 USCA §§ 1064 [j], 1065 [d], 1224 [b], 1226), and section 907 (a) of Act 1924 as added by section 1000 of Act 1926 (26 USCA § 1219 [a]), and taking away right to trial de novo given under Revenue Act 1924, § 274 (b), being 26 USCA § 1049 (Comp. St. § 6336½zz[1]), and 900 (g), being 26 USCA § 1218 (Comp. St. § 6371⅚b [g]), limits right of review of board's decision to questions of law only.

Appeal from the Board of Tax Appeals.

David H. Blair, Commissioner of Internal Revenue, assessed an additional tax as an income or profits tax against Maurice J. Curran, from which Curran, as taxpayer, appealed to the United States Board of Tax Appeals. A decision of the Board of Tax Appeals adverse to the Commissioner was entered, and he petitions to review. Proceedings dismissed for want of jurisdiction.

Thomas P. Dudley, Jr., of Washington, D. C. (Mabel Walker Willebrandt, Asst. Atty. Gen., and C. M. Charest, General Counsel Bureau of Internal Revenue, of Washington, D. C., on the brief), for petitioner.

George E. Cleary, of New York City (Root, Clark, Buckner, Howland & Ballantine, of New York City, on the brief), for Curran.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

BINGHAM, Circuit Judge. The Commissioner of Internal Revenue on October 22, 1924, assessed an additional tax for the calendar year 1917, in the sum of $152,261.48, as an income or profits tax, against Maurice J. Curran, under the provisions of section 274 of the Revenue Act of 1924 (26 USCA §§ 1048–1054; Comp. St. § 6336½zz [1], pars. [a] to [g]). November 24, 1924, Curran appealed to the United States Board of Tax Appeals. Thereafter on the 16th day of February, 1926, the case came on for hearing before the Board of Tax Appeals, the parties being represented by counsel. At this time the evidence in the case, all of which related to the merits of the controversy, was introduced and such arguments were made as counsel saw fit. The hearing was then closed, permission being given to the respective parties to submit written briefs by March 15, 1926, which was done. On October 26, 1926, the Board made findings of fact and rendered an opinion, in which it held that none of the profits involved were taxable at the rates prescribed for the year 1917, and on February 5, 1927, it entered an order or decision that Curran's deficiency tax for 1917 was $135,001.16. It is this order or decision that the Commissioner seeks to have reviewed by this writ of error.

The errors assigned go to the merits of the controversy, the Commissioner's contention being that the distribution of earnings or profits, declared by the directors of the Gillette Safety Razor Company December 12, 1916, and paid to Curran January 15, 1917, were distributions of earnings or profits of that company for the year 1917, and not for the year 1916, as decided by the Board, and were subject to the rates prescribed for the year 1917. We are met, however, at the outset, with the objection that this court is without jurisdiction over the case. Our jurisdiction is challenged on the ground that when the provisions of section 283 (j) of the Revenue Act of February 26, 1926 (44 Stat. 65 [26 USCA § 1064 (j)]), are properly

construed and applied to the facts in this case, no right of review exists.

Section 1001 (a) of the Revenue Act of 1926 (26 USCA § 1224 [a]) provides:

"Sec. 1001 (a). The decision of the Board rendered after the enactment of this act (except as provided in subdivision (j) of section 283 * * *) may be reviewed by a Circuit Court of Appeals, or the Court of Appeals of the District of Columbia, as hereinafter provided, if a petition for such review is filed by either the Commissioner or the taxpayer within six months after the decision is rendered."

Section 283 (j) reads as follows:

"In cases within the scope of subdivision (b) * * * of this section where any hearing before the Board has been held before the enactment of this act and the decision is rendered after the enactment of this act, such decision shall, for the purposes of this title, be considered to have become final upon the date when it is rendered and neither party shall have any right to petition for a review of the decision. The Commissioner may, within one year from the time the decision is rendered, begin a proceeding in court for the collection of any part of the amount disallowed by the Board, unless the statutory period of limitations properly applicable thereto has expired before the appeal was taken to the Board. * * * In any such proceeding by the Commisisoner or in any suit by the taxpayer for a refund, the findings of the Board shall be prima facie evidence of the facts therein stated."

[1, 2] It is conceded that the present case falls within the scope of subdivision (b) of section 283 (26 USCA § 1064 [d]), to wit: That before the enactment of the Act of 1926, Curran appealed to the Board of Tax Appeals under subdivision (a) of section 274 of the Revenue Act of 1924 and that his appeal was pending before the Board at the time of the enactment of the Act of 1926. The question, therefore, is whether the decision of the Board of Tax Appeals was final and non-reviewable, and left the Commissioner to bring a suit and be heard de novo as to his right to recover any part of the amount disallowed by the Board, subject to the findings of the Board being used against him as prima facie evidence of the facts so found; or is open to review before this court because, before the passage of the Revenue Act of 1926, the hearing contemplated by section 283 (j) had not been had before the Board of Tax Appeals.

Our attention has been called to the case of Chicago Ry. Equipment Co. v. Blair (C. C. A.) 20 F.(2d) 10, in which the construction and application of section 283 (j) was under consideration. It appeared in that case that evidence had been taken before the Board on February 2 and 3, 1926, and 45 days given in which to file briefs and submit proposed findings of fact; and that this was done in March and within the time limited. It does not appear that all the evidence had been submitted, oral arguments made, and the hearing closed on February 3d as in this case, with permission to file briefs thereafter, if the parties saw fit. For all that appears the case may have been left open and not intended to be closed until the expiration of the 45 days within which the briefs and proposed findings were to be submitted. It was there conceded that the word "hearing" as used in the statute was not meant to embrace the whole proceeding including the "decision," for the language of the act clearly indicated that the "decision" was no part of the "hearing." It was held, however, that unless it appeared that "the whole proceeding was concluded before the passage of the act [February 26, 1926], so that it only remained to make the decision," a review in the Court of Appeals could be had. The court took jurisdiction of the case and thereby inferentially held that, on the facts before it, the hearing had not been concluded before the passage of the act, even if a "decision" is not a constituent part of the hearing. With the facts in that case and the deduction from them we are not concerned. It seems to us that on the facts in the instant case the proceeding was concluded on the afternoon of February 16, 1926, when the record states the hearing was closed. At that time all the evidence had been introduced, oral arguments made and the case submitted, with permission, if the parties saw fit, to thereafter file written briefs.

In its technical legal sense the word hearing includes the introduction of evidence, the arguments of counsel and the decree of the court (Joseph Dry Goods Co. v. Hecht [C. C. A.] 120 F. 760; 2 Bouv. Law Dictionary, 1429; 10 Enc. pp. 1, 8), but it must be conceded that the word was not used in that sense in section 283 (j) for there it manifestly does not include the "decision" of the case. As commonly accepted it is understood to mean a proceeding before a tribunal where evidence is presented and oral arguments made, presenting the respective contentions of the parties. We think that this is its meaning here and the one Congress had in mind in enacting the section. Light is thrown on this question by considering the situation pre-

sented to Congress at the time of the passage of the Act of 1926. The Board of Tax Appeals then existed. It was created by the Act of 1924 to decide tax appeals. Revenue Act 1924, § 900 (a), being 26 USCA § 1211; Comp. St. § 6371⅚b (a). It was authorized to establish its own rules of evidence and procedure. Revenue Act 1924, § 900 (h), being 26 USCA § 1219; Comp. St. § 6371⅚b (h). Consequently it was not restricted by legal rules of evidence, but could receive such evidence as seemed to it worthy of credit, though not measuring up to the legal standard. No appeal from or right of review of the Board's decision was provided. The parties, therefore, did not contemplate an appeal, and there was no occasion for their saving their rights by way of exceptions to evidence and requests for findings and rulings, to be preserved in a record on appeal. The hearing before the Board was at that time little more than a preliminary skirmish, a run for luck. For either party, if dissatisfied with the decision, could bring a court action and try the matter de novo (Revenue Act 1924, §§ 274 (b), 900 (g), being 26 USCA § 1218; Comp. St. § 6371⅚b (g), the Board's findings of fact being prima facie evidence against the losing party. Section 900 (9). A trial de novo is what Congress saved to the parties by section 283 (j) of the Act of 1926, where a tax controversy had arisen under the Act of 1924, and a hearing before the Board, under the provisions of that act, had been held before the passage of the Act of 1926, and the decision of the Board was rendered after its passage.

The Revenue Act of 1926 radically changed the situation from what it had previously been. By it the Circuit Courts of Appeals were given exclusive jurisdiction to review the decision of the Board (section 1003 [26 USCA § 1226]), except as to the class of cases provided for in section 283 (j). In furtherance of this the Circuit Courts of Appeals were authorized to adopt rules for the preparation of the record for review (section 1001 [b]); the hearings before the Board were to be stenographically reported; and defined rules of evidence were prescribed. 44 Stat. p. 107, § 907 (a), of Act 1924, as added by section 1000 (26 USCA § 1219 [a]). It took away the right of a party aggrieved by a decision of the Board to bring a court action and have a trial de novo on issues of fact and law (section 284 [d], being 26 USCA § 1065 [d]), and limited his right to a review of the Board's decision in the Circuit Courts of Appeals

on questions of law only. Avery v. Commissioner of Internal Revenue (C. C. A.) 22 F.(2d) 6; Brown v. Commissioner of Internal Revenue, 22 F.(2d) 797 (C. C. A., 5th Circ., Dec. 2, 1927); section 1003 [b].

It is beyond question that Congress had in mind the situation which this change would produce, and recognized the injustice of substituting an appeal on questions of law only, for a new trial on questions of fact and law, in any case where the parties had already presented their proofs before the Board, relying upon their right, if aggrieved by the decision, to bring a court action and more thoroughly present their case; and recognized that the parties, in cases already tried before the Board under the old act, had no occasion to request rulings and take exceptions to their refusal and to the admission or rejection of evidence, which they would have done had they then been aware of the right of appeal provided by the new act and the deprivation of their right to a new trial. To hold that no hearing was held before February 26, 1926, where briefs were filed subsequent to that date, would defeat the intention of Congress in enacting section 283 (j). The mere filing of briefs after that date did not alter the state of the record. Whether briefs were filed before or after February 26, 1926, the mischief which Congress was providing against in section 283 (j) existed.

The proceeding is dismissed for want of jurisdiction.