BLAIR, Commissioner of Internal Revenue, v. HENDRICKS.

Circuit Court of Appeals, Second Circuit.
March 7, 1928.

1. Internal revenue ⬦25—Sole remedy from adverse decision of Board of Tax Appeals is statutory review by Circuit Court of Appeals (Revenue Act 1926, § 1001[a] [26 USCA § 1224(a)].

Sole remedy of both Commissioner of Internal Revenue and taxpayer from adverse decision of Board of Tax Appeals, is by review of board's decision by Circuit Court of Appeals under Revenue Act 1926, § 1001(a), being 26 USCA § 1224(a).

2. Internal revenue ⬦25—Determination of Board of Tax Appeals, rendered after effective date of Revenue Act 1926, held not reviewable, where hearings were held before such date (Revenue Act 1926, § 283[j], and § 1001[a]; 26 USCA § 1064[j], and § 1224[a]; Revenue Act 1924, § 274[b], and § 900[g]; 26 USCA §§ 1049, 1218).

Where Board of Tax Appeals rendered decision, after effective date of Revenue Act 1926, in case in which hearings were held prior to such date, its determination may not be reviewed by Circuit Court of Appeals under Revenue Act 1926, § 283(j), and section 1001(a), being 26 USCA § 1064(j), and section 1224(a); Revenue Act 1924, § 274(b), and section 900(g) being 26 USCA §§ 1049, 1218 (Comp. St. § 6336½zz[1], par. [b], and section 6371⅝b[g]).

Petition by David H. Blair, Commissioner of Internal Revenue, against Harmon W. Hendricks, to review a decision of the Board of Tax Appeals. Motion to dismiss petition granted.

Mabel Walker Willebrandt, Asst. Atty. Gen., John Vaughan Groner, Sp. Asst. Atty. Gen., and C. M. Charest, General Counsel Bureau of Internal Revenue, of Washington, D. C. (Thomas P. Dudley, Jr., Sp. Atty. Bureau of Internal Revenue, of Washington, D. C., of counsel), for appellant.

Samuel Riker, Jr., of New York City, and Lawrence A. Baker, of Washington, D. C., for appellee.

Before MANTON, L. HAND, and SWAN, Circuit Judges.

PER CURIAM. A petition was filed with the Board of Tax Appeals June 1, 1925, and issue thereon was joined by filing an answer June 23, 1925. Hearings were had. Briefs were filed December 7 and 19, 1925, respectively. The Revenue Act of 1926 was enacted and effective February 26, 1926. A supplemental brief was filed by the Commissioner August 3, 1926. On September 30, 1926, the board announced its findings of fact and opinion. Its final order of redetermination was filed February 18, 1927. Section 283j of the act of 1926 (44 Stat. 9 [26 USCA § 1064, subd. j]) provides:

"In cases within the scope of subdivision (b) or (f) of this section where any hearing before the board has been held before the enactment of this act and the decision is rendered after the enactment of this act, such decision shall, for the purposes of this title, be considered to have become final upon the date when it is rendered and neither party shall have any right to petition for a review of the decision. The Commissioner may, within one year from the time the decision is rendered, begin a proceeding in court for the collection of any part of the amount disallowed by the Board, unless the statutory period of limitations properly applicable thereto has expired before the appeal was taken to the Board. The court shall include in its judgment interest upon the amount thereof in the same cases, at the same rate, * * * collected otherwise than by proceeding in court. In any such proceeding by the Commissioner or in any suit by the taxpayer for a refund, the findings of the board shall be prima facie evidence of the facts therein stated." Revenue Act of 1926.

And section 1001 (a), 44 Stat. 9 (26 USCA § 1224 [a]), provides:

"The decision of the board rendered after the enactment of this act (except as provided in subdivision [j] of section 283 and in subdivision [h] of section 318) may be reviewed by a Circuit Court of Appeals, or the Court of Appeals of the District of Columbia, as hereinafter provided, if a petition for such review is filed by either the Commissioner or the taxpayer within six months after the decision is rendered." Revenue Act of 1926.

Under section 274 (b) of the Revenue Act of 1924 (26 USCA § 1049; Comp. St. § 6336½zz[1] par. b), a taxpayer was permitted one hearing before the Board of Tax Appeals, after which, if the determination was of a deficiency, the amount was required to be paid upon notice and demand by the collector. If the board disallowed the claim, the Commissioner was put to the necessity of filing a new independent action in the District Court for the recovery of the amount disallowed. In a suit either by the taxpayer or the Commissioner, the findings of the board were considered prima facie evidence of the facts found or stated. Section 900 (g) of the Revenue Act of 1924 (26 USCA § 1218; Comp. St. § 6371⅝b [g]).

[1, 2] The Revenue Act of 1926 provides for

a review of the board's decision by the Circuit Court of Appeals, and proceedings instituted for such review is the sole remedy of both the Commissioner and taxpayer from an adverse decision of the Board of Tax Appeals. In view of this grant of the right of review, it was necessary to have regard for the cases then pending before the Board and section 283 (j) provided for cases which had been heard, but awaiting decision.

By section 283 (j), if hearings were held prior to the effective date of the Revenue Act of 1926 and a decision rendered after its enactment, that determination may not be reviewed by the Circuit Court of Appeals. The jurisdiction of the Circuit Court of Appeals to review is found in section 1001 (a), being 44 Stat. 9. In this cause the proceedings were concluded when the hearings were closed and the briefs filed, and it falls within section 283 (j). Blair, as Commissioner, etc., v. Maurice J. Curran (C. C. A. 1st Circuit, February 4, 1928) 24 F.(2d) 390. Siegel et al. v. Blair, Commissioner, etc. (C. C. A. 8th Circuit, January 5, 1928) 25 F.(2d) ——.

The motion to dismiss is granted.