## T. C. POWER & BRO. v. COMMISSIONER OF INTERNAL REVENUE.

Circuit Court of Appeals, Ninth Circuit.
June 25, 1928.

No. 5359.

Internal revenue ⬤⟶25—Board of Tax Appeals' decision on evidence submitted and arguments made before effective date of Revenue Act of 1926, held not appealable (Revenue Act 1926, §§ 283 [j], 1001 [a]; 26 USCA §§ 1064 [j], 1224 [a]).

Decision of Board of Tax Appeals on evidence submitted and arguments made prior to February 26, 1926, the effective date of Revenue Act 1926, *held* not appealable, under section 283 (j) and section 1001 (a), 26 USCA §§ 1064 (j), 1224 (a), but remedy is by an original action in District Court.

In Error to the Board of Tax Appeals.

The Commissioner of Internal Revenue determined that there existed a deficiency in the income and profits taxes assessed against T. C. Power & Bro. for the taxable year 1919, and the taxpayer filed a petition with the Board of Tax Appeals. The board ordered that judgment be entered for the Commissioner of Internal Revenue, and the petitioner brings error. On motion to dismiss. Motion allowed.

James A. Walsh, of Helena, Mont., for plaintiff in error.

Mabel Walker Willebrandt, Asst. Atty. Gen., and C. M. Charest, Gen. Counsel, and Annabel Matthews, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for defendant in error.

Before GILBERT, RUDKIN, and DIETRICH, Circuit Judges.

GILBERT, Circuit Judge. The petitioner seeks by appeal to review the decision of the Commissioner of Internal Revenue to the effect that there existed a deficiency in its income and profits tax, to be assessed for the taxable year 1919. Its petition was filed with the Board of Tax Appeals on April 2, 1925. The respondent's answer was filed September 23, 1925, and a hearing on the merits was had before a division of said board, and upon the testimony taken the cause was submitted. On April 14, 1925, the Board made findings of fact, filed an opinion, and ordered that judgment be entered for the respondent, and on October 4, 1927, the order of redetermination was signed and filed, redetermining the tax at $2,176.39. The respondent moves to dismiss the appeal to this court on the ground that the decision is not appealable, and that the appellant's remedy to review is by a suit de novo in the proper District Court, inasmuch as all the evidence had been submitted and all arguments had been made prior to February 26, 1926, the effective date of the Revenue Act of 1926, c. 27, 44 Stat. 9, 63, 65.

The act (section 283) contains the following provision:

"(j) In cases within the scope of subdivision (b) or (f) of this section where any hearing before the Board has been held before the enactment of this act and the decision is rendered after the enactment of this act, such decision shall, for the purposes of this title, be considered to have become final upon the date when it is rendered and neither party shall have any right to petition for a review of the decision." 26 USCA § 1064 (j).

"Sec. 1001 (a). The decision of the Board rendered after the enactment of this act (except as provided in subdivision (j) of section 283 and in subdivision (h) of section 318) may be reviewed by a Circuit Court of Appeals, or the Court of Appeals of the District of Columbia, as hereinafter provided, if a petition for such review is filed by either the Commissioner or the taxpayer within six months after the decision is rendered." 26 USCA § 1224 (a).

In Chicago Ry. Equipment Co. v. Blair, 20 F.(2d) 10, the Circuit Court of Appeals for the Seventh Circuit held that an appeal may be taken from the decision of the Board of Tax Appeals in all cases where the whole proceeding was not concluded before the passage of the act of 1926, so that it only remained to make the decision. In that case the evidence was taken on February 2 and 3, 1926, and 45 days were given in which to file briefs and submit proposed findings of fact. The government's brief was filed March 2, and the plaintiff's brief was filed March 15. On July 28, 1926, the Board made findings of fact and filed an opinion, and on November 4, 1926, an order of redetermination was made, fixing the deficiencies.

But in Blair v. Curran, 24 F.(2d) 390, the Circuit Court of Appeals for the First Circuit held that, where a hearing had been had before the Board prior to the enactment of the act, and the taxpayer had presented evidence, and oral arguments had been made, there had been a hearing within the meaning of the act, and that the Circuit Court of Appeals was without jurisdiction to review the decision of the Board, notwithstanding that briefs were not filed before the Board until after the hearing was concluded. A similar ruling was made by the Circuit Court of Ap-

peals for the Second Circuit in Blair v. Hendricks, 24 F.(2d) 819. In that case issue was joined on June 23, 1925, and hearings were had and briefs were filed December 7 and December 19, 1925. A supplementary brief was filed by the Commissioner on August 23, 1926. On September 30 the Board announced its findings of fact and opinion, and on February 18, 1927, the final order of redetermination was filed. Said the court: "In this cause the proceedings were concluded when the hearings were closed and the briefs filed, and it falls within section 283 (j)," citing Blair v. Curran, supra.

We are impressed by the reasoning and are inclined to the views expressed in Blair v. Curran. Obviously proceedings had under the Revenue Act of 1924 (43 Stat. 253), which authorized the Board to establish its own rules of evidence and procedure, might be wholly inadequate to secure a record which on appeal to a Circuit Court of Appeals would properly safeguard the interests of the parties, within the purport and intention of the act of 1926, by the provisions of which a review by appeal is limited to questions of law. In the case at bar, the record, so far as it relates to the questions involved, had been substantially made at the effective date of that act, and we think it is a case in which by the intention of Congress the petitioner's remedy is by an original action in the appropriate District Court.

The motion to dismiss is allowed.