## ALAMEDA PARK CO. v. LUCAS, Commissioner of Internal Revenue.

Court of Appeals of District of Columbia.

Argued November 14, 1929. Decided January 6, 1930.

No. 4864.

George E. H. Goodner, of Washington, D. C., for appellant.

Mabel W. Willebrandt, Asst. Atty. Gen., C. M. Charest, Clark T. Brown, and Sewall Key., all of Washington, D. C., and M. P. Fisher, of Baltimore, Md., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. The decision herein appealed from is reported in 10 B. T. A. 1115.

It appears from the record that appellant rendered an income tax return for the year 1917 showing a tax liability of $5,233.98; that the return was filed on or before April 1, 1918; that in March, 1923, the Commissioner of Internal Revenue made an additional assessment of $7,847.25 upon the return; that appellant then filed a claim in abatement covering the entire amount of the additional assessment; that on August 24, 1925, the Commissioner determined an overassessment of $3,389.56, leaving a net deficiency of $4,-457.69 assessed upon the return of 1917.

The taxpayer appealed to the Board of Tax Appeals upon certain grounds affecting the validity of the assessment, but failed to plead the statute of limitations in bar of the tax. Nor did the taxpayer bring such a claim to the attention of the Board during the hearing of the appeal. However, several months after the hearing was closed and the case was submitted, but before the Board had entered a decision, the taxpayer applied to the Board for leave to amend its petition, by adding thereto a plea of the statute of limitations. The Board refused to permit such an amendment, and decided against the taxpayer upon the other issues involved in the case. The taxpayer thereupon appealed to this court upon various assignments of error, alleging, among other things, that the Board erred in refusing leave to amend the petition by adding a plea of the statute of limitations, and in failing to find and hold that the collection of the alleged deficiency was barred by the statute of limitations.

We think the decision of the Board was erroneous. It appeared prima facie by the undisputed facts in the record that at the date of the hearing the collection of the alleged deficiency was barred by the statute of limitations.

"Prior to the Revenue Act of 1918 there was no limitation against suit to collect income taxes. Section 250 (d) of that act (40 Stat. 1083) required assessment within five years after return, and prohibited the commencement of suit or proceeding to collect such taxes after that period. This bar was held to apply only in respect of taxes for 1918 and later years. Then section 250 (d) of the act of 1921 made the limitation apply against collection of taxes under all the earlier acts * * * but allowed only four years as to those for 1921 and succeeding years. * * * A reasonable view of the matter is that it was the intention of Congress by the clause here in question to protect taxpayers against any proceeding whatsoever for the collection of tax claims not made and pressed within five years." Mr. Justice Butler in Bowers, Collector, v. N. Y. & Albany

Co., 273 U. S. 350, 47 S. Ct. 389, 390, 71 L. Ed. 676.

Emphasis was added to these provisions by section 1106 (a) of the Revenue Act of 1926, 44 Stat. 9 (26 USCA § 1249, note), whereby it was enacted that the bar of the statute of limitations against the United States in respect of any internal revenue tax shall not only operate to bar the remedy but shall extinguish the liability.

In the present case, the taxpayer's return was filed on or before April 1, 1918, whereas the final assessment of the deficiency was not made until August 25, 1925. This delay barred the collection of the deficiency, unless the Commissioner and the taxpayer had consented in writing to a later determination, assessment, and collection of the tax, so as to extend the time beyond the statutory period. Section 250 (d) Revenue Act of 1921, 42 Stat. 227, 265. Compare Appeal of Ocean Accident & Guarantee Corporation, Ltd., 6 B. T. A. 1045.

█ We think that under these circumstances the application of the taxpayer for leave to amend the petition by adding a plea of the statute of limitations should have been granted. That plea is not regarded with disfavor by the taxing statutes. And, where the facts appearing in the case prima facie disclose such a defense, although not pleaded, a due exercise of judicial discretion requires that an amendment should be allowed in order to make the pleadings conform to the facts.

The decision of the Board of Tax Appeals is reversed, with costs, and the cause is remanded to the Board for further proceedings not inconsistent herewith.