## INTERNATIONAL BANDING MACH. CO. v. COMMISSIONER OF INTERNAL REVENUE.

Circuit Court of Appeals, Second Circuit. January 20, 1930.

No. 32.

Isidor Wels, of New York City, for petitioner.

Sewall Key and Randolph C. Shaw, Sp. Assts. to Atty. Gen. (C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and Allin H. Pierce, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., of counsel), for respondent.

Before L. HAND, SWAN, and MACK, Circuit Judges.

SWAN, Circuit Judge (after stating the facts as above). ■ The board gave no reason for denying the taxpayer's motion to amend its petition to conform to the proofs, except a reference to its rules 18 and 32. The material portions of these rules read as follows:

"Rule 18. *Amended and Supplemental Pleadings.* * * * Upon motion made, the board may, in its discretion, at any time

before the conclusion of the hearing, permit a party to a proceeding to amend the pleadings to conform to the proofs."

"Rule 32. *Motions.* Motions must be timely. * * * Motions will be acted upon as justice may require. * * *"

The motion was made "before the conclusion of the hearing," within the meaning of rule 18. As ordinarily used, "hearing" means the whole proceeding, down to and including the decision, although sometimes, from its context, it may be confined to the introduction of evidence and the submission of oral or written argument thereon. Chicago Ry. Equipment Co. v. Blair, 20 F.(2d) 10, 11 (C. C. A. 7); Blair v. Curran, 24 F.(2d) 390, 391 (C. C. A. 1); Blair v. Hendricks, 24 F. (2d) 819, 820 (C. C. A. 2); T. C. Power & Bro. v. Commissioner, 27 F.(2d) 116 (C. C. A. 9). No reason is suggested for giving a limited meaning to the word as used in the rule. At least it must include, not only the introduction of evidence, but the argument of counsel thereon as well. Here the argument was to be by written briefs filed by May 1st, and the trial member of the board announced that the appeal would be deemed "under submission as of that date." Under these circumstances, we cannot doubt that the motion filed April 25th was within the time prescribed.

Notice of the motion was served upon counsel for the Commissioner, and it does not appear that any objection thereto was made by him. The objection now urged is highly technical. It is not argued that it would have been unjust to allow the amendment, nor that counsel for the Commissioner was surprised by the proof, nor that his cross-examination would have been different, or further proof offered, had the proposed amendment been moved earlier. In fact, counsel stands solely upon the rule itself, which permits the board "in its discretion" to allow or disallow an amendment.

It is true that appellate courts are disinclined to interfere with a trial court's exercise of discretion in the matter of amendments; but there is no doubt that in proper cases the appellate power may, and should, be so used. See Liverpool Steam Co. v. Phenix Ins. Co., 129 U. S. 397, 447, 9 S. Ct. 469, 32 L. Ed. 788; Jones v. Meehan, 175 U. S. 1, 29, 20 S. Ct. 1, 44 L. Ed. 49; Alameda Park Co. v. Lucas (App. D. C. Jan. 6, 1930) reported in 37 F.(2d) 805. On this record we can see no ground for denying the motion in the exercise of a reasonable discretion. An appeal to the board from the Commission-er's finding of a deficiency gives the board jurisdiction to make "a redetermination of the deficiency." Section 274(a), Revenue Act of 1926 (44 Stat. 55 [26 USCA § 1048]). The taxpayer is not limited to presenting matters which he has previously submitted to the Commissioner. Appeal of E. J. Barry, 1 B. T. A. 156; Appeal of Gutterman Strauss Co., 1 B. T. A. 243.

Broadly, the issue is what additional tax, if any, is due; but, for convenience, this broad issue must be narrowed, as required by the rules of the board, to the issues stated in the pleadings. If, however, the parties are content to submit issues not covered by the pleadings, and evidence is taken thereon without objection by either party, or by the board itself, what possible ground can there be for a refusal to permit an amendment of the petition to conform to the proofs, presented before briefs have been filed, and not objected to by the respondent? Refusal can serve only the convenience of the board in not having to decide the added grounds of controversy, although it is the board's duty to decide, if there has actually been a fair trial of those issues. Cf. Westinghouse v. Carlton, 202 F. 129, 132 (C. C. A. 2); Tucker v. Alexander, 275 U. S. 228, 231, 48 S. Ct. 45, 72 L. Ed. 253.

There is nothing in the record to indicate that the Commissioner was unwilling to have the case decided upon evidence outside the issue made by the original petition. Not only did he cross-examine at length upon the outside issues, but when the petitioner offered in evidence the record of a vote authorizing the issuance of stock in satisfaction of $36,512 of indebtedness, counsel for the respondent said:

"Mr. Hight: Of course, I have plenty of grounds to object to introducing that matter, but I want to expedite it."

At the outset of the cross-examination of the taxpayer's president, the following occurred:

"Mr. Steiner, you have told us the story of your development of this enterprise, * * * and the condensation of the story is this, isn't it: That back in 1907 you had some applications for patents filed, and in 1909 those patents were granted; is that correct?

"The Witness: Yes, sir; correct. The value of those patents is one of the things we are endeavoring to establish here."

The trial member of the board seems to have realized that the taxpayer was not confining its claim to the valuation of patents, as

indicated by the question he put to witness Steiner:

"The Member: Assuming that the board should find that you are entitled to some $300,000 of invested capital in respect to the value of the machines which were built and which the taxpayer has on hand, are you making any claim that you should be allowed to deduct one-seventeenth of that exhaustion for patents?

"Mr. Wels: No; no. I won't make any claim in that respect."

The foregoing are but samples of numerous instances which seem to show a commendable willingness on the part of Commissioner's counsel not to stand on technicalities of proof or pleading, but to allow the taxpayer to submit whatever proof it had concerning the amount of its invested capital. Under these circumstances, we regard it as an abuse of discretion for the board to deny the proposed amendment and refuse to consider the evidence. Alameda Park Co. v. Lucas, supra. ■ The Commissioner argues that the evidence was too uncertain to change the result, even if the board had considered it. But this is by no means apparent. The item of $36,-512 of loans paid by the issuance of stock falls clearly within the definition of invested capital. Section 326(a), Revenue Act of 1921 (42 Stat. 274); Cohn-Goodman Co. v. Commissioner, 7 B. T. A. 475. There was testimony that this had not been included in the return, and hence could not have been included in the amount allowed by the Commissioner. We do not say that this testimony is conclusive. The board may still pass upon it, but it is sufficient to satisfy us that the board's denial of the motion may have been prejudicial.

■ We need not go into the evidence further, for we cannot accept the taxpayer's view that we should ourselves make findings of fact, and direct the board what items to allow for invested capital. It is the board's province to pass upon questions of fact. Its findings will be reviewed only to the extent of determining whether there is evidence to support them. Collin v. Commissioner, 32 F.(2d) 753 (C. C. A. 6). We will not say that in an appeal, where the evidence would justify but one result, we might not dispose of the case without findings by the board; however that may be, this is not a case where the board's consideration of the evidence should be dispensed with.

The order is reversed, and the cause remanded, with directions to allow the motion to amend, and to consider the evidence bearing on the issues added by amendment.