REGAN, Judge.
Plaintiff, Delta Tank Manufacturing Co., Inc., instituted this suit against the defendant, Dearborn Machinery Movers Company, Inc., endeavoring to recover the sum of $5,293.00, representing the balance due under an agreement, which required the plaintiff to furnish a steam-curing tank and the appurtenances necessary for its operation to the defendant.
Although the defendant answered and ■generally denied the plaintiff's claim, it failed to appear when the case was fixed for trial and the plaintiff obtained a judgment by default in the amount of $5,293.00.
The defendant has prosecuted this appeal, asserting that the judgment should be reversed in view of the fact the plaintiff did not present sufficient evidence to establish a prima facie case in obtaining its judgment by default.
The only question which this appeal has ■posed for our consideration is whether this is a suit on an open account or a suit in contract, since if it is a suit in contract the evidence adduced in obtaining the judgment by default was not sufficient.
Plaintiff has proceeded below under the theory that its claim is an action to recover the balance due on an open account, for it obtained judgment merely by producing an itemized statement of the account and an affidavit certifying it was correct, which was executed by one of plaintiff’s officers.
The defendant concedes that if this is •considered to be a claim emanating from an open account, then under the provisions of C.P. Art. 312[1], plaintiff was entitled to the judgment it obtained.
However, defendant asserts that the rule of evidence applicable to this action is governed by the rationale of LSA-C.C. Art. 2277, which reads:
“All agreements relative to movable property, and all contracts for the payment of money, where the value does not exceed five hundred dollars, which are not reduced to writing, may be proved by any other competent evidence; such contracts or agreements, above five hundred dollars in value, must be proved at least by one credible witness, and other corroborating circumstances.”
.We are of the opinion, after an analysis of the petition, that the defendant’s contention is correct. The following allegations reflect that the plaintiff contracted to furnish specific equipment to the defendant, and in the course of performing the agreement, various modifications of the terms of the contract were necessary and were assented to by both parties:
II.
“On April 27th, 1956, plaintiff submitted a quotation to defendant covering the construction of a steam-curing tank and extensions therefor, and on June 4th, 1956, defendant issued a purchase order covering said tank and four extensions with certain changes regarding the lengths of said extensions; drawings were prepared by plaintiff and submitted to defendant and certain changes were required in said drawings * * *, and these changes resulted in an increase in the prices of the tank and extensions * *
*700 III.
“Petitioner further avers that defendant furnished a door which petitioner was obliged to install on a vessel and the freight on said door, $494.40, was paid by plaintiff and defendant was advised in writing thereof and that said freight would be added to the final billing;”
IV.
“The final specifications * * * provided for one shop coat of Asphalt-um, which was applied by plaintiff at an extra cost to defendant of $636.00, accepted by defendant by its change order, but no payment has been made;”
•v.
“Under date of May 11th, 1956, it was agreed in writing * * * that escalation would be charged by plaintiff * * * »
VI.
“All of the items comprising said aggregate figure were either specifically authorized by defendant, agreed upon between defendant and plaintiff *
To support its assertion that this matter should be treated as an open account, plaintiff relies upon the following definition thereof:
“An open account is one in which some item of contract is not settled by the parties, or where there have been running or current dealings between the parties and the account is kept open with the expectation of further dealings. In other words, it is an unsettled debt arising from items of work and labor, goods sold and delivered, and other open transactions not reduced to writing, and subject to future settlement and adjustment. However, all accounts which are not stated or reduced to writing are not necessarily open accounts; and an account, although not reduced to writing or stated, cannot be said to be open where it is based on a contract whose terms are fixed and certain. * * * ” 1 C.J.S. Account, p. 574.
Plaintiff further insists that the terms of its agreement were not completely settled and, therefore, it was an open account; however, this argument is untenable in view of allegation six of its petition wherein it asserted that the parties had agreed to all of the items and change orders which aggregated plaintiff’s claim. We see no distinction between a contract for the erection of a building, which requires modification during the course of construction to provide for “extras,” and the one now before us. While it is true that none of the charges which plaintiff seeks to recover were part of the original contract, nevertheless they arose from modifications thereof that were agreed to by both parties, and once the modifications were made, the contract as amended became the agreement governing the parties thereto.
The very definition of an open account, which we have quoted hereinabove, and upon which plaintiff relies, militates against the result which it desires to obtain herein, for that definition is actually in conformity with the rationale of a case entitled New Orleans & C. R. Co. v. Lindsay[2], wherein the organ for the United States Supreme Court stated:
“ * * * Nor can the demand be regarded as an open account. The contract was the foundation of the claim, and though not fulfilled according to its letter * * * it determined the respective liabilities of the parties * (Emphasis added)
The issue decided in that case was that the prescription of three years, applicable to suits on an open account, did not apply to an action growing out of a breach of contract to furnish freight transportation.
*701 Although plaintiff’s petition reveals that the litigants entered into a written contract, the record contains no evidence thereof. Thus, in the absence of producing the written agreement, we are of the opinion that the plaintiff would only have been entitled to a default judgment had it proved its claim by the testimony of one credible witness and other corroborating circumstances, as is provided by LSA-C.C. Art. 2277.
For the reasons assigned, the judgment appealed from is reversed, and it is now ordered that the case be remanded to the district court to permit the plaintiff to establish its claim by competent evidence, if possible. The assessment of costs shall await the final determination of this matter.
Reversed and remanded.

. “If, two days * * * after the first judgment has been rendered, the defendant neither appear nor file his answer, definitive judgment will then be given for the plaintiff, provided he prove his demand. This proof is required in all cases, and when the demand is for a sum due on an open account, then an affidavit of correctness thereof, before any competent officer, shall be prima facie proof.”

. 4 Wall. 650, 71 U.S. 650 at 655, 18 L.Ed. 328.