360 So.2d 609 (1978)
Ernest V. RICHARDS, IV
v.
GULFCO ELECTRONICS CORPORATION.
No. 9271.
Court of Appeal of Louisiana, Fourth Circuit.
June 13, 1978.
Rehearing Denied July 26, 1978.
*610 Jones, Walker, Waechter, Poitevent, Carrere & Denegre, John W. Haygood, New Orleans, for defendant-appellant.
Frederick A. Wild, III, Metairie, for plaintiff-appellee.
Before SCHOTT, BEER and GARSAUD, JJ.
SCHOTT, Judge.
Defendant has appealed from a default judgment taken by his former attorney for $1795.75 for fees and costs allegedly due him in connection with a number of matters he handled for defendant. Plaintiff was also awarded $300 as additional attorney's fees pursuant to LSA-R.S. 9:2781. At issue are the sufficiency of the evidence introduced in support of plaintiff's claim and whether the claim is to be considered one on an open account so as to make R.S. 9:2781 applicable.
The default judgment was taken by another attorney employed by plaintiff on the basis of an affidavit entitled "Affidavit of Correctness of Account and/or Note and Non-Military Service" made by plaintiff stating that he is familiar with defendant's account and that the correct amount owed to plaintiff on the account is the $1795.75. Also filed in the record at the time of the default judgment being taken were five bills to defendant from plaintiff, itemizing various costs and reciting to some extent the details of the services rendered by plaintiff to defendant in connection with different lawsuits.
Since the trial judge awarded attorney's fees pursuant to R.S. 9:2781, which provides for attorney's fees in favor of a creditor in the case of a successful claim on an open account, it follows that he considered plaintiff's claim one on an open account. In Delta Tank Mfg. Co. v. Dearborn Machinery Mov. Co., 144 So.2d 698 (La.App. 4th Cir. 1962), this court rejected the plaintiff's contention that his claim against defendant was on an open account where the evidence showed it was a suit on a contract for the performance of work. The instant claim is for a series of contracts for professional services and cannot be considered an open account under the same reasoning as the cited case, so that the award of attorney's fees pursuant to R.S. 9:2781 was erroneous.
Even though this was not a suit on an open account, however, proof by affidavit was authorized under LSA-C.C.P. Arts. 4896 and 5002, since the judgment was obtained in the First Parish Court of Jefferson Parish. However, the affidavit introduced in this case is insufficient because it does not specify in detail the confection of the various contracts sued upon and the work performed by plaintiff pursuant to those contracts. See Carte Blanche Plumbing & Heating Repair Service, Inc. v. Van Haeler, 337 So.2d 654 (La.App. 4th Cir. 1976), Eddie's Hardware, Inc. v. Rago, 320 So.2d 276 (La.App. 4th Cir. 1975).
Because of the insufficiency of the affidavit on the basis on which the default judgment was obtained the judgment is set aside and the case is remanded to the trial court. Defendant will be allowed ten days from the date this judgment becomes final to file responsive pleadings. Costs will await final disposition of the case.
JUDGMENT SET ASIDE.
CASE REMANDED.