COVINGTON, Judge.
This is an appeal by A A Specialty & Supply, Inc. from a judgment in which A A Specialty was awarded the principal sum of $425 against Paul Quinn, and in turn Quinn was awarded the principal sum of $2,500 against A A Specialty. By amended judgment, each party was cast for its own costs, with each party cast for one-half of the expert witness fees.
The suit arises from a claim by A A Specialty against Quinn for its sale, delivery and installation of a Majestic Fireplace for a fixed price of $425. Quinn admitted the sale, delivery and installation of the fireplace; but as plaintiff in reconvention, Quinn claimed that A A Specialty, in installing the fireplace, had cut the strong back (or beam) supporting the span of the rafters of the roof, causing about a two-inch downward deflection, which resulted in damages to him. Quinn further alleged that A A Specialty, “as contractor for the installation of said fireplace, held itself as having sufficient knowledge in proper construction method,” which was admitted by A A Specialty.
The evidence shows that A A Specialty did cut the strong back supporting the span of roof-rafters, although Quinn had personally instructed the workmen not to cut the strong back. The evidence further shows that the cutting of the strong back caused a noticeable downward deflection, which caused damage to Quinn. The plaintiff in reconvention established his loss in the amount of $2,500 from the testimony of Kenneth Patin of Patin Home Builders, Incorporated, General Contractors.
This is a construction contract rather than an open account, or a contract of sale. Duhon v. Three Friends Homebuilders Corporation, 396 So.2d 559 (La.App. 3 Cir. 1981). Here the contractor was to furnish and install the fireplace. Kegier’s Inc. v. Levy, 239 So.2d 450 (La.App. 4 Cir. 1970), writ refused, 256 La. 1150, 241 So.2d 253 (1970). A A Specialty did not merely sell the fireplace to Quinn; it delivered and installed it for him. This was intended to be a one-time transaction, not the purchase of merchandise at intervals over a period of time. It was based on an agreement whose terms were fixed and certain. It has none of the aspects of an open account. See Delta Tank Manufacturing Co. v. Dearborn Machinery Movers Company, 144 So.2d 698 (La.App. 4 Cir. 1962); see also Troendle v. Boudreaux, 246 So.2d 732 (La.App. 4 Cir. 1971).
The contractor is required to perform the contract in a workmanlike manner. See *1167 Maxwell v. Bernard, 343 So.2d 431 (La.App. 3 Cir. 1977).
In Neel v. O’Quinn, 313 So.2d 286, 289 (La.App. 3 Cir. 1975), writ denied, 319 So.2d 440 (La.1975), the Court stated:
“It is implied in every building contract that the work of the builder be performed in a good workmanlike manner, free from defect either in material or workmanship.”
The basic provision with respect to a contractor’s liability for failure to perform properly a building contract is LSA-C.C. art. 2769 which provides:
“If an undertaker fails to do the work he has contracted to do, or if he does not execute it in the manner and at the time he has agreed to do it, he shall be liable in damages for the losses that may ensue from his non-compliance with his contract.”
As shown above, the trial court awarded damages for the amount required to make the necessary repairs. The evidence supports this award. See Martin v. AAA Brick Company, Inc., 386 So.2d 987 (La.App. 3 Cir. 1980).
Plaintiff-appellant further argues that the trial court erred in allowing an enlargement of the pleadings by admitting testimony regarding repairs already made to the Quinn residence. The evidence complained of was well within the plaintiff-in-reconvention’s claim for damages. In any event, A A Specialty was not prejudiced by the evidence of previous repairs, since the trial judge made no award to Quinn for such repairs (limiting damages to the amount that Quinn’s expert testified would be required to repair the residence).
The testimony was clear that the work done by the owner was of a temporary nature. The contractor, Patin, testified that a portion of his work included a “jacking” of the ceiling to install a new strong back. The corrective work of Patin was in no way affected by the repairs made by the owner. Such repairs merely mitigated possible damages caused by A A Specialty.
Appellant also argues that it was entitled to recover attorney’s fees on its main demand pursuant to LSA-R.S. 9:2781, because Quinn admitted in his answer that he owed A A Specialty for the fireplace. A judicial admission admits only well pleaded factual elements of the claim; it does not admit the “legal” effects of the facts. As we have found above, the transaction between A A Specialty and Quinn was a construction contract, not an open account; LSA-R.S. 9:2781 has no application to the instant case. See Richards v. Gulfco Electronics Corporation, 360 So.2d 609 (La.App. 4 Cir. 1978), writ denied, 363 So.2d 69 (La.1978); Delta Tank Manufacturing Co. v. Dearborn Machinery Movers Company, supra.
When we consider all of the factors of the instant case, we conclude that Quinn is entitled to recover $2,500, the amount which the trial judge awarded. This amount represents the proved “losses” ensuing from A A Specialty’s non-compliance with the contract. LSA-C.C. art. 2769. We also conclude that A A Specialty is not entitled to recover attorney’s fees.
Having so concluded, we affirm the judgment of the trial court. Costs of this appeal are to be paid by the appellant, A A Specialty & Supply, Inc.
AFFIRMED.