ROBERT M. MURPHY, Judge.
| sPlaintiffs, Peter and Barbara Vicari (collectively, “the Vicaris”), appeal the trial court’s July 28, 2014 judgment granting the motion for summary judgment filed by defendant/third-party plaintiff, Window World of Baton Rouge, LLC (“Window' World”) on the basis of prescription, and dismissing the Vicaris’ claims against Window World with prejudice. Window World has filed an appeal of the trial court’s June 9, 2014 judgment sustaining the exceptions of peremption filed by third-party defendants, Richard Boomershine, American States Insurance Company, Gulf Coast Installations, LLC, Pauline Hiller and Richard Hiller, pursuant to La. R.S. 9:2772, and dismissing Window World’s claims against those third-party defendants with prejudice. In addition, Window World also appeals the trial court’s July 28, 2014 judgment granting the motion for partial *427 summary judgment filed by Penn America Insurance Company (“Penn America”) pursuant to the peremptive period of La. R.S. 9:2772, and dismissing Window World’s claims against Penn America and its alleged insureds with prejudice.
For the reasons that follow, we reverse the trial court’s July 28, 2014 judgment granting summary judgment in favor of Window World on the basis of [¿prescription and dismissing the Vicaris’ claims with prejudice. Furthermore, we affirm the trial court’s June 9, 2014 judgment sustaining the exceptions of peremption filed by Richard Boomershine, American States Insurance Company, Gulf Coast Installations, LLC, Pauline Hiller and Richard Hiller, and we reverse the trial court’s July 28, 2014 judgment dismissing with prejudice Window World’s claims against Penn America and its alleged insured, Mike Hildred for the alleged improper repairs in 2010. Accordingly, we remand the matter for further proceedings.
FACTUAL BACKGROUND
On June 3, 2008, the Vicaris entered into a contract with Window World for the purchase and installation of forty-five custom windows for their home, for the price of $15,694 (“the Vicari contract”). The Vicari contract outlines the pricing for the windows, including the window types and measurements, and provides that “Window World agrees to install windows ... as noted above ... for the price quoted on this form.” The Vicaris contend that they participated in the selection and decision making process regarding type and design of the windows. The Vicari contract further provides that prior to the installation, Window World will remove forty-five existing aluminum windows from the Vicaris’ home. Window World contends that the contract price of $15,694 includes $12,809 for the cost of the windows and $2,885 for the cost of labor.
After the Vicari contract was executed, Window World contends that it ordered the windows from a third-party manufacturer, per the specifications provided in the Vicari contract. Window World then provided independent contractors (“the installers”), pursuant to pre-existing installation contracts between Window World and the installers, to remove the Vicaris’ existing windows and to install the new windows in their home. The window installation | sbegan on or around June 18, 2008 and concluded on or around June 27, 2008. Window World contends that multiple installers were involved in the installation of the windows at the Vicaris’ home.
On May 25, 2010, the Vicaris allege that they noticed water damage to their home as a result of water leaking from the windows and defective window sashes, and reported the problem to Window World. Window World contends that it arranged for the Vicaris’ windows to be repaired, and that those repairs were completed in August of 2010 by one of the installers, Mike Hildred.
However, the Vicaris allege that approximately two years later, on September 10, 2012, they noticed water leaking from the same windows, as well as from other windows. The Vicaris contend in their petition that they contacted Window World about the problems, but that Window World did not conduct any further repairs. Subsequently, the Vicaris opened the walls of their home and discovered water damage, including wood rot, mold and mildew. The Vicaris contend that the damage was caused by Window World’s poor workmanship and improper installation in 2008, and its improper repairs conducted in 2010.
PROCEDURAL HISTORY
On April 8, 2013, the Vicaris filed a petition for damages and breach of con *428 tract against Window World, seeking recovery for the alleged damage to their home caused by Window World’s improper installation and repair of the windows in 2008 and in 2010, respectively. On September 30, 2013, Window World filed a third-party demand against thé installers involved in the installation and repair of the Vicaris’ windows and their insurers. In its third-party demand, Window World asserted claims of indemnity and contribution against the installers and their insurers, in the event that Window World is found liable for the alleged improper installation and/or improper repairs.
| ^Specifically, Window World named the following installers and their insurers as defendants in its third-party demand: (1) Mike Hildred; - (2) Richard Hiller; (3) Pauline Hiller; (4) Gulf Coast Installations, LLC; (5) Richard Boomershine; (8) Penn America Insurance Company [insurer of Mike Hildred, Richard Hiller, Pauline Hil-ler, and Gulf Coast Installations]; and (9) American States Insurance Company[1] [Richard Boomershine’s insurer].[2] In its third-party demand, Window World alleged that it entered into separate agreements for the installation of windows with the installers, which provide that the installers will indemnify Window World for any loss or damage arising from their work. Window World further alleged that it is an additional insured under the insurance policies issued to the installers by their insurers.
On April 8, 2014, Richard Boomershine filed an exception of peremption to Window World’s third-party demand, on the grounds that all claims asserted against Boomershine were perempted under the five-year peremptive period set forth in La. R.S. 9:2772. Specifically, Boomershine alleged that Window World’s claims against him arise out of a construction contract to install windows, and thus, La. R.S. 9:2772 provides that any such claims must be brought within five years after the date the owner has occupied or taken possession of the improvement. Boomershine attached the installation completion certificate issued to the Vicaris, dated June 27, 2008, as well as the Vicaris’ responses to request for admission, admitting that they have occupied their home for the past twenty years. When applied to the window installation at issue, Boomershine argued that La. R.S. 9:2772 required Window World to file its claim for indemnity against him within |7five years of the date that the installation was completed and the Vicaris took possession of their home, or by June 27, 2013. Because Window World did not file its third-party demand for indemnity until September 30, 2013, Boom-ershine asserted that Window World’s claims asserted therein were perempted under La. R.S. 9:2772.
Subsequently, Boomershine’s insurer, American States, filed its own exception of peremption under La. R.S. -9:2772, adopting Boomershine’s previously filed exception. Several weeks later, on June 6, 2014, Richard Hiller, Pauline Hiller, and Gulf Coast Installations also filed an exception of peremption under La. R.S. 9:2772 on the same grounds asserted in Boomershine’s exception.
The exceptions of peremption filed by Boomershine, American States, the Hillers and Gulf Coast Installations were all set *429 for hearing on June 9, 2014. After considering the law, evidence and arguments of counsel, the trial court sustained the exceptions at the conclusion of the hearing, and dismissed Window World’s claims against Boomershine, American States, Richard and Pauline Hiller, and Gulf Coast Installations with prejudice.
Specifically, the trial court held that Window World’s third-party demand for indemnity and contribution was based upon construction contracts between Window World and the installers, and therefore, the five-year peremptive period of La. R.S. 9:2772 applied to Window World’s third-party demand, and required Window World to file those claims within five years of the date the Vicaris took possession of their home in June of 2008. Because Window World failed to file its third-party demand within that time period, the trial court determined that Window World’s claims against Boomershine, American States, Richard and Pauline Hiller, and Gulf Coast Installations were perempted under La. R.S. 9:2772. Accordingly, |sthe trial court signed a judgment sustaining the exception of peremption on that same day.
Similarly, Penn America Insurance Company filed a motion for partial summary judgment, seeking a dismissal of Window World’s claims against it on the grounds that the claims against Penn America and its alleged insureds (Mike Hildred, Richard Hiller and Gulf Coast Installations) are perempted under La. R.S. 9:2772, and that Window World has no claim against Penn America under the Louisiana Direct Action Statute.[3]
On June 10, 2014, Window World filed a motion for summary judgment, seeking a dismissal of the Vicaris’ petition on the basis of prescription. Specifically, Window World argued that where a claim is predominantly one of sale, Louisiana law provides that the entirety of the claim is subject to the prescriptive periods found in the redhibition articles. Window World applied different tests used by the courts in determining whether a contract is a contract to build or a contract for sale, and argued that under those tests, the Vicari contract was a contract for sale because: (1) the majority of the Vicari contract’s price was for the cost of the windows ($12,809), as opposed to the cost of labor ($2,885), as evidenced by the affidavit of its CEO, James Roland; (2) the primary obligation of the Vicari contract was the sale of windows, and the installation was merely incidental to the sale; and (3) Window World did not build the windows itself and the Vicaris only made -minor decisions as to the specifications of the windows.
1 ^Accordingly, Window World alleged that because the Vicaris’ petition is based upon a contract for sale, La. C.C. art. 2534 of the redhibition articles required the Vi-caris to file their claims against Window World within one year after the date of Window World’s last repair in August of 2010, or by August of 2011. Because the Vicaris did not file their petition until April *430 8, 2013, Window World claimed that their claims are prescribed and should be dismissed with prejudice.
In their opposition, the Vicaris argued that their claims were not prescribed under La. C.C. 2534 because the one-year prescriptive period of Article 2534 does not commence until all repair attempts are abandoned by the seller, or until the last promise of repair is made by the seller. Here, the Vicaris argued that Window World never abandoned its attempt to repair the windows after the 2010 repairs, and that Window World’s field supervisor stated in September of 2012 that Window World would continue to repair any problems with the windows that may arise in the future. In addition, the Vicaris alleged that under the relevant tests for determining whether a contract is one to build, the Vicari contract constituted a contract to build, and not a contract to sell.
Window World’s motion for summary judgment and Penn America’s partial summary judgment both proceeded to a hearing on July 28, 2014. The trial court first considered Penn America’s motion for partial summary judgment. At the conclusion of the hearing, the trial court granted Penn America’s motion and provided the same reasons it gave when it sustained the peremptory exceptions of Boomershine, American States, the Hillers, and Gulf Coast Installations.
Specifically, the trial court held that Window World’s third-party demand was based upon a construction contract, and thus, the five-year peremptive period' of La. R.S. 9:2772 applied. Because Window World failed to file its third-party Imdemand within five years of June of 2008, the date that the installation was completed and the Vicaris occupied their home, the trial court held that Window World’s claims were perempted and granted Penn America’s motion. Accordingly, the trial court signed a judgment on that same day, finding that Window World’s claims “against Penn America Insurance Company and its alleged insureds are per-empted under La. R.S. 9:2772 and are dismissed with prejudice ...” The judgment further provided that Window World’s claim against Penn America “under the Louisiana Direct Action Statute, La. R.S. 22:1269 are [sic] dismissed with prejudice ...”
After granting Penn America’s motion, the trial court considered Window World’s motion for summary judgment regarding whether the Vicaris’ claims against Window World were prescribed. The trial court concluded that the Vicari contract was a contract for sale, and provided as follows:
The Court is of the opinion that the contract at issue is a contract for sale because the primary obligation was to provide the Vicaris with windows for their home. Additionally, the installation of the windows was an ancillary obligation to the sales contract which is evidenced by the difference in the cost of the windows in comparison to the cost of labor. [Window World] hired subcontractors to install the windows on the Vicaris’ home and did not furnish any skill or labor to install the windows; thus, this Court finds that the contract at issue was a contract for sale and the claims fall under the redhibition prescriptive periods.
As a result, the trial court held that the Vicaris were required under La. C.C. art. 2534 to file their claims within one year of the date that Window World completed its repair in August of 2010, and that any additional repairs or promises to repair made by Window World in 2012 did not revive the expired prescriptive period. Therefore, the trial court held that Vicaris’ claims filed on April 8, 2013 were pre *431 scribed, and granted Window World’s motion for summary judgment dismissing the Vicaris’ claims against Window World with prejudice.
InThe Vicaris now appeal the trial court’s July 28, 2014 judgment granting summary judgment in favor of Window World on the basis of prescription. Window World now appeals the trial court’s June 9, 2014 judgment sustaining the exceptions of peremption filed by Boomersh-ine, American States, Richard and Pauline Hiller, and Gulf Coast Installations, and the trial court’s July 28, 2014 judgment granting Penn America’s motion for partial summary judgment.
ASSIGNMENTS OF ERROR
On appeal, the Vicaris raise the following assignment of error:
1. The trial court erred when it failed to consider the overwhelming evidence submitted by the Vicaris to prove that their claim was not prescribed.
2. The trial court erred when it failed to find that the Vicari contract was an installation contract for material and labor, and not a contract of sale.
3. The trial court erred when it held on June 9, 2014, that the contracts between Window World and the third-party installers were construction contracts subject to the five-year peremptive period of La. R.S. 9:2772, but failed to similarly hold that the Vicari contract was also a construction contract.
4. The trial court erred when the court held that “it’s a hard case,” but failed to require Window World to carry its burden of proof regarding its allegation of prescription.
In its appeal, Window World raises the following assignments of error:
1. The trial court committed legal error in applying the peremptive period provided in La. R.S. 9:2772 when the contract between Window World and the third-party installers is not a construction contract.
2. The trial court committed legal error by improperly shifting the burden of proof on an exception of per-emption when it was not evident on the face of the pleadings that the indemnity and contribution claim against the third-party defendants was perempted.
3. The trial court committed legal error in finding that the third-party claim against Mike Hildred, a third-party installer who performed work at the Vicari home in 2010, was per-empted.
hixLAW AND ANALYSIS

The Vicaris’ Appeal:

In their appeal, the Vicaris challenge the trial court’s July 28, 2014 judgment granting Window World’s motion for summary judgment, after finding that the Vicari contract was a sales contract and dismissing their claims against Window World for the improper window installation and repair as prescribed pursuant to the La. C.C. art. 2534 of the redhibition articles.
As an initial matter, we note that Window World’s motion for summary judgment seeks a dismissal of the Vicaris’ petition based upon prescription. Under La. C.C.P. art. 865, pleadings should be interpreted according to their true meaning and effect in order to do substantial justice, rather than interpreted according to their caption. See Alcorn v. City of Baton Rouge, 03-2682 (La.1/16/04), 863 So.2d 517, 519. This Court has recognized that where a motion for summary judgment states all of the essential allegations for an *432 exception of prescription and seeks a dismissal of the suit as prescribed, the motion should be characterized and considered as a peremptory exception of prescription. T.P. Homes, Inc. v. Taylor, 08-392 (La. App. 5 Cir. 10/28/08), 1 So.3d 507, 511 (citing Cobb v. Coleman Oldsmobile, Inc., 346 So.2d 831, 833 (La.App. 1 Cir.1977), writ denied, 349 So.2d 1269 (La.1977)). Accordingly, we will consider Window World’s motion on appeal as a peremptory exception of prescription.
In Taranto v. La. Citizens Prop. Ins. Corp., 10-0105 (La.3/15/11), 62 So.3d 721, 726, the Louisiana Supreme Court set forth the standard of review for exceptions of prescription as follows:
In reviewing a peremptory exception of prescription, the standard of review requires an appellate court to determine whether the trial court’s finding of fact was manifestly erroneous. Carter v. Haygood, 04-0646 (La.1/19/05), 892 So.2d 1261, 1267. Jurisprudence provides that statutes involving prescription are strictly construed against | ^prescription and in favor of the obligation sought to be extinguished. Bailey v. Khoury, 04-0620 (La.1/20/05), 891 So.2d 1268, 1275. On the issue of prescription, the mover bears the burden of proving prescription, [citation omitted]. However, if the petition is prescribed on its face, then the burden of proof shifts to the Plaintiff to negate the presumption by establishing a suspension or interruption. Bailey, 891 So.2d at 1275.

Discussion

The Viearis contend that in granting Window World’s motion, the trial court erred in finding that the Vicari contract was a sales contract, and not a construction contract subject to the five-year per-emptive period of La. R.S. 9:2772. Conversely, Window World contends that the trial court properly held that the Vicari contract is a sales contract, subject to the one-year prescriptive period of La. C.C. art. 2534. Window World claims that it is merely a window sales company that does not manufacture or install the windows it sells to its customers. Rather, Window World contends that it orders the windows from a manufacturer, and “as part of its service to the customer,” it contracts with third-party installers to install the windows into its customers’ homes. Window World includes the cost of the installation with the sales price, which it claims is incidental to the sale. Because the Viearis’ petition alleged that the water intrusion was discovered and repaired in 2010, and was not filed until April 8, 2013, Window World contends that the petition is prescribed on its face under the one-year prescriptive period of the redhibition articles.
The determinative issue in this appeal is whether the trial court manifestly erred in finding that the Vicari contract was a sales contract, subject to the one-year prescriptive period of the redhibition articles. Therefore, we begin by determining whether the Vicari contract is a sales contract or a construction contract.
Louisiana courts have developed several tests for determining whether a given contract is a contract of sale or a construction contract. Alonzo v. Chifici, 14526 So.2d 237, 241 (La.App. 5 Cir.1988). In Acadiana Health Club, Inc. v. Hebert, 469 So.2d 1186, 1189 (La.App. 3 Cir.1985), the Third Circuit considered the following three factors in determining whether a contract was a contract of sale or a contract to build: (1) in a contract to build, the purchaser has some control over the specifications of the object; (2) in a contract to build, the negotiations take place before the object is constructed; and (3) a contract to build contemplates not only that the builder will *433 furnish the materials, but that he will also furnish his skill and labor in order to build the desired object.
The court in Acadiana applied this test to a contract wherein a health club, Acadi-ana, contracted with the defendant for the installation of carpet and linoleum, which the defendant ordered from a manufacturer. After the carpet was installed, Acadia-na noticed that the carpet began to come apart at the seams. In applying the three factors, the court noted that although Aca-diana did not have any say as to the specifications of the carpet itself, it did have considerable input as to the object of the contract, which “was not simply the sale of so many feet of carpet and flooring, but the job of carpeting and flooring the health club facilities.” Id. Finally, the court held that the contract called upon the skill of the defendant and its employees to install the carpet. Accordingly, the court found that the contract was a construction contract.
Similarly, in AA Specialty & Supply, Inc. v. Quinn, 411 So.2d 1165 (La.App. 1 Cir.1982), AA Specialty sold, delivered and installed a fireplace in Paul Quinn’s home. Quinn claimed that in installing the fireplace, AA Specialty caused damage to his home. In determining whether the contract was a contract of sale or a construction contract, the First Circuit found that AA Specialty “did not merely sell the fireplace to Quinn; it delivered and installed it for him.” Id. at 1166. h ¿Therefore, the court held that the contract was a construction contract rather than a contract of sale. Id.
“Under the ‘value test’ the court determines whether the labor expended in constructing the item, or the materials incorporated therein, constitute the ‘principal value of the contract.’ ” Alonzo, supra. In Alonzo, this Court applied the value test to an oral contract for the renovation of a building to determine whether the contract was a contract of sale on open account or a construction contract. This Court concluded that the plaintiffs principal value to the defendant was “as a supervisor over certain segments of the renovation project,” and found that it was a construction contract. Id. at 241.
In applying the test set forth in Acadia-na, we find that the object of the Vieari contract was not simply to sell windows, but to remove forty-five old windows and install forty-five custom windows in their home. The Vicaris had some control over the specifications of this object because they specified the type of custom windows to be installed, prior to the installation. Moreover, the contract certainly called upon the skill and labor of Window World to install the windows, as the contract clearly provides that “Window World agrees to install windows.” The fact that Window World chose to hire third-party installers to fulfill its obligation to install the Vicaris’ windows does not change the fact that Window World is the party furnishing the labor and materials to the Vi-caris for the installation referenced in the contract.
Just as the courts in Acadiana and AA Specialty & Supply, Inc. held, we find that the object of the Vieari contract was not to simply sell forty-five windows to the Vicar-is, but to install those windows in their home. To suggest that the Vicaris’ only desire in contracting with Window World was to purchase forty-five custom windows to be delivered and set aside at their home, is illogical. The [ ^installation was not incidental to the sale, as Window World contends, it was the object of the contract. Therefore, we find that the trial court manifestly erred in finding that the Vieari contract was a contract of sale. We find that the Vieari contract is a construction contract.
*434 As such, we find that the Vicaris’ claims are not subject to the one-year prescriptive period of the redhibition articles. Because their claims arise out of a construction contract, they are subject to the peremptive period of La. R.S. 9:2772, which provides as follows:
A. Except as otherwise provided in this Subsection, no action, whether ex contractu, ex delicto, or otherwise, including but not limited to an action for failure to warn, to recover on a contract, or to recover damages, or otherwise arising out of an engagement of planning, construction, design, or building immovable or movable property which may include, without limitation, consultation, planning, designs, drawings, specification, investigation, evaluation, measuring, or administration related to any building, construction, demolition, or work, shall be brought against any person performing or furnishing land surveying services, as such term is defined in R.S. 37:682, including but not limited to those services preparatory to construction, or against any person performing or furnishing the design, planning, supervision, inspection, or observation of construction or the construction of immovables, or improvement to immovable property, including but not limited to a residential building contractor as defined in R.S. 37:2150.1:
(l)(a) More than five years after the date of registry in the mortgage office of acceptance of the work by owner. (l)(b) If no such acceptance is recorded within six months from the date the owner has . occupied or taken possession of the improvement, in whole or in part, more than five years after the improvement has been thus occupied by the owner.
(Emphasis added). In order for the Vicar-is’ claims to be perempted by this statute, (1) the claims must arise out of a construction contract; (2) the window installation is either immovable property or an improvement to immovable property; and (3) more than five years must have elapsed since the acceptance of the work by the |17Vicaris was filed in the mortgage office, or since the date the Vicaris occupied then-home.
For the reasons cited above, we have already concluded that the Vicari contract is a construction contract. We also find that the windows were installed in immovable property (the Vicaris’ home), and therefore, the installation constitutes an improvement to immovable property under La. R.S. 9:2772. Finally, the record establishes that the Vicaris occupied their home at the time the installation was completed in June of 2008, as shown by their response to requests for admission. Therefore, under La. R.S. 9:2772, the Vicaris were required to file their claim against Window World for the improper installation and repairs within five years of that date, or by June of 2013. Because the Vicaris filed their petition on April 8, 2013, we find that their claims against Window World are timely, and not perempted.
Therefore, we reverse the trial court’s July 28, 2014 judgment, dismissing the Vicaris’ claims as prescribed under the one-year prescriptive period of the redhibition articles, and we remand the matter for further proceedings.

Window World’s Appeal:

In its appeal, Window World contends that the trial court erred in applying the peremptive period of La. R.S. 9:2772 to the contracts between Window World and the installers, when it sustained the exceptions of peremption filed by Boomershine, American States, the Hillers, and Gulf Coast Installations, and when it granted *435 the motion for partial summary judgment filed by Penn America.
A judgment granting a peremptory exception is reviewed de novo, because the exception raises a legal question, and an appellate court is to determine, whether in the light most favorable to the plaintiff, and with every doubt resolved in the plaintiffs behalf, the petition states any valid cause of action for relief. 18Metairie III v. Poche’ Coristr., Inc., 10-0353 (La.App. 4 Cir. 09/29/10), 49 So.3d 446, 449, twit denied, 10-2436 (La.9/16/11), 69 So.3d 1138. When an exception of prescription is filed, ordinarily, the burden of proof is on the party pleading prescription or peremption. Id.. However, when prescription or peremption is evident on the face of the pleadings, the burden shifts to the plaintiff to show the action has not been perempted. Id. (citing Rando v. Anco Insulations, Inc., 08-1163 (La.5/22/09), 16 So.3d 1065, 1082).

Discussion

Window World contends that the contracts between it and the installers, which are all identical, are not contracts to build because the installers did not construct the windows, nor did they 'construct the Vicaris’ home. Rather, Window World claims that the contracts between it and the installers are “contracts for labor.” Window World also argues that because the trial court found that the Vicari contract was a sales contract, then the installers’ contracts cannot be deemed.construction contracts. ■ ■
As set forth above, La. R.S. 9:2772 provides that it applies to contracts for “engagement of planning, construction, design, or building immovable or moveable property” including “performing or furnishing the design, planning, supervision, inspection, or observation, of construction or the construction of immovables or improvement to immovable property.” The statute further provides that the peremp-tive period provided therein “shall extend to every demand, whether brought by direct action or for contribution or indemnity or by third-party practice, and whether brought by the owner or any other person.” La. R.S. 9:2772(B)(3). Under La. C.C. art. 2756, “[t]o build by a plot, or to work by the job, is to undertake a building or a work for a certain stipulated price.”
|1flHere, Window World entered into contracts with the third-party installers to “perform all labor for home improvement contracts” assigned to them by Window World- It then filed a third-party demand against the installers and their insurers for indemnity and contribution, in the event that Window World is found liable for the alleged improper installation and/or improper repairs alleged in the Vicaris’ petition. We find that under a plain reading of La. R.S. 9:2772, Window World’s installation contracts fall squarely within the statute, and that the trial court did not err in applying the five-year peremptive period provided therein to Window World’s third-party demand against the installers and their insurers for indemnity and contribution.
As to Boomershine, American States, the Hillers, and Gulf Coast Installations, we find that the trial court properly held that they met their burden of proving that Window World’s claims against them were perempted under the five-year peremptive period of La. R.S. 9:2772. Specifically, our review of the record shows that they established that they completed the -installation as of June 27, 2008, and that the Vicaris occupied their home at that time. Because Window World did not file its third-party demand for indemnity within five years of June 27, 2008, we find that the trial court did not err in sustaining the peremptory exceptions of Boom- *436 ershine, American States, the Hillers, and Gulf Coast Installations, and dismissing Window World’s claims against them with prejudice.
With respect to the trial court’s dismissal of Window World’s claims against Penn America and its alleged insured, Mike Hildred,.we reiterate that in its third-party demand, Window World seeks indemnity and contribution from the installers and their insurers in the event that it is found liable to the Vicaris for their claims of improper installation and/or improper repairs. Window World contends that Mike Hildred was involved in the installation in 2008, and that he also performed |2nwork and repairs to the Vi-caris’ windows in August of 2010. As we have found, Window World’s claims against the installers, including Hildred, related to the 2008 installation are per-empted. However, to the extent that Hil-dred performed repairs at the Vicaris’ home in August of 2010, Window World’s claim for indemnity related to those repairs is not perempted because it filed its third-party demand asserting that claim within five years of 2010, on September 30, 2013. Therefore, we find that the trial court erred in dismissing with prejudice Window World’s claims against Penn America and its alleged insured, Mike Hil-dred, for indemnity related to the 2010 repairs.
Accordingly, we reverse the trial court’s July 28, 2014 judgment dismissing with prejudice Window World’s claims against Penn America and its alleged insured, Mike Hildred, for the 2010 repairs, and we remand the matter for further proceedings.
CONCLUSION
For the foregoing reasons, we reverse the trial court’s July 28, 2014 judgment granting summary judgment in favor of Window World on the basis of prescription and dismissing the Vicaris’ claims with prejudice. We affirm the trial court’s June 9, 2014 judgment sustaining the exceptions of peremption filed by Richard Boomershine, American States Insurance Company, Gulf Coast Installations, LLC, Pauline Hiller and Richard Hiller, and we reverse the trial court’s July 28, 2014 judgment dismissing with prejudice Window World’s claims against Penn America and its alleged insured, Mike Hildred, as to the 2010 repairs. Accordingly, we remand the matter for further proceedings.

AFFIRMED IN PART: REVERSED IN PART; AND REMANDED.-

. In its third-party demand, Window World erroneously named Safeco Insurance Company as Richard Boomershine's insurer.

. Window World also named Daniel Soost, Northwoods Construction, LLC, American Vehicle Insurance Company, and Seneca Insurance Company as defendants in its third-party demand. However, Window World’s claims against those third-party defendants are not subject to this appeal.

. Penn America’s motion for partial summary judgment also moved for a dismissal of Window World's claims against it on the grounds that it never insured Richard Hiller or Gulf Coast Installations during the time of the installation; and that the claims for defective installation are not covered under Penn America’s CGL policies. However, these grounds were not addressed by the trial court because they were rendered moot after it granted Penn America’s motion on the first two grounds. Therefore, these arguments are not within our review on appeal. Moreover, Window World has not raised an issue on appeal as to the trial court's dismissal of its claim against Penn America under the Louisiana Direct Action Statute, nor did the trial court address the issue at the motion hearing. Therefore, it is not within our review on appeal.