| WELLS FARGO BANK, N.A., AS TRUSTEE FOR OPTION ONE MORTGAGE LOAN TRUST 2000-C, ASSET-BACKED CERTIFICATES, SERIES 2000-C | * | NO. 2019-CA-0392 |
|---|---|---|
| | * | COURT OF APPEAL |
| | * | FOURTH CIRCUIT |
| VERSUS | * | STATE OF LOUISIANA |
| TRACIE WASHINGTON | | |

\* \* \* \* \* \* \*

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2010-02155, DIVISION "L"
Honorable Kern A. Reese, Judge
\* \* \* \* \* \*
**JAMES F. MCKAY III**
**CHIEF JUDGE**
\* \* \* \* \* \*

(Court composed of Chief Judge James F. McKay III, Judge Daniel L. Dysart, Judge Joy Cossich Lobrano)

**DYSART, J., DISSENTS, WITH REASONS**
**LOBRANO, J., CONCURS IN THE RESULT**

STEPHEN RIDER
McGLINCHEY STAFFORD, PLLC
601 Poydras Street
12th Floor
New Orleans, Louisiana 70130
-and-
ZELMA M. FREDERICK
McGLINCHEY STAFFORD, PLLC
301 Main Street, 14th Floor
Baton Rouge, Louisiana 70801
     COUNSEL FOR PLAINTIFF/APPELLANT

DONALD L. HYATT, II
DONALD L. HYATT, II APLC
1217 Florida Street
Mandeville, Louisiana 70448
     COUNSEL FOR DEFENDANT/APPELLEE

**AFFIRMED**

**OCTOBER 23, 2019**

In this action on a petition to enforce security interests by ordinary process, the plaintiff, Wells Fargo Bank, N.A., as trustee for Option One Mortgage Loan Trust 2000-C, Asset-Backed Certificates, Series 2000-C (Wells Fargo), appeals the trial court's granting of a peremptory exception of prescription in favor of the defendant, Tracie Washington. For the reasons that follow, we affirm.

**FACTS AND PROCEDURAL HISTORY**

On June 26, 2000, Ms. Washington obtained a mortgage for her home located at 8004 Belfast Street in New Orleans, Louisiana. Ms. Washington executed a promissory note for $140,000.00 payable to Bourgeois & Associates Mortgage, L.L.C. and granted a mortgage encumbering the property.[1] The loan was subsequently assigned to Option One, which later assigned the loan to Wells Fargo.

---

[1] Paragraph7(B) of the Note states:
> If I do not pay the full amount of each monthly payment on the date it is due, I will be in default. If I am in default, the Note Holder may require me to pay immediately the full amount of the principal which has not been paid and all interest that I owe on that amount, together with any other charges that I owe except as otherwise required by applicable law.

1

Ms. Washington failed to make the monthly installment payment due on November 1, 2001 or any other payment due thereafter. On February 11, 2002, Wells Fargo filed a petition for executory process, where the unpaid principal balance and interest due was then accelerated under the note.[2] This foreclosure lawsuit was dismissed, without prejudice, after the parties reached a settlement as to the arrears owed by Ms. Washington.

On December 16, 2003, a second petition for executory process was filed.[3] As in the first lawsuit, Wells Fargo again accelerated the debt because, as of September 1, 2003, Ms. Washington again failed to pay the full monthly installments on her mortgage loan obligations. This foreclosure lawsuit was also dismissed without prejudice on May 9, 2007.[4]

On March 4, 2010, Wells Fargo filed the instant suit via a petition to enforce security interest by ordinary process. In response, Ms. Washington filed an answer, exceptions, alternative affirmative defenses, and a reconventional demand on September 16, 2010. On March 24, 2016, Ms. Washington filed an amended answer, alternative affirmative defenses, and reconventional demand. On May 22, 2018, Ms. Washington filed an exception of prescription, which was heard by the trial court on November 29, 2018. Ms. Washington argued that in cases involving more than one lawsuit over a note which is accelerated in the first case, any

---

[2] Orleans Parish Civil District Court, Case No. 2002-2293
[3] Orleans Parish Civil District Court, Case No. 2003-18612
[4] On March 15, 2017, Ms. Washington moved to have the 2003 foreclosure suit deemed abandoned. Ms. Washington alleged that she never received notice that the 2003 foreclosure suit was dismissed. However, Wells Fargo's prior voluntary dismissal had been entered on May 9, 2003.

subsequent case is prescribed if it is brought more than five years after the initial acceleration. Both sides also put on competing evidence as to whether or not Ms. Washington acknowledged the debt. The trial court ruled from the bench and later memorialized a judgment on February 8, 2019, granting Ms. Washington's exception of prescription. It is from this judgment that Wells Fargo now appeals.

**DISCUSSION**

On appeal, Wells Fargo raises the following assignment of error: the trial court erred in granting Washington's exception of prescription because Washington acknowledged the mortgage loan debt by: (1) making a payoff request to Option One, her prior mortgage loan servicer, on September 19, 2005; (2) calling American Home Mortgage Servicing, Inc., her subsequent mortgage loan servicer, to ask about the status of the unpaid principal balance on the loan; and (3) admitting she tendered payments on the loan in her reconventional demand. Alternatively, Wells Fargo argues even if there was no acknowledgement of the debt, the trial court erred in finding that the entire mortgage debt should be canceled on prescription grounds, because only those mortgage loan installment payments that came due more than five years before the filing of this foreclosure suit could be prescribed.

The policy basis for prescription is simple; parties who are actual or possible defendants should not have to worry about possible litigation for limitless periods of time after an event triggers the right to sue. The standard of review of a trial court's ruling on a peremptory exception of prescription turns on whether evidence

3

is introduced. *Wells Fargo Financial Louisiana, Inc. v. Galloway*, 17-0413, p. 7 (La.App. 4 Cir. 11/15/17), 231 So.3d 793, 800. When no evidence is introduced, appellate courts review judgments sustaining an exception of prescription *de novo*, accepting the facts alleged in the petition as true. *Id.*; *Lennie v. Exxon Mobil Corp.*, 17-0204, p. 3 (La.App. 5 Cir. 6/27/18), 251 So.3d 637, 642, *writ denied*, 18-1435 (La. 11/20/18), 256 So.3d 994. However, when evidence is introduced at a hearing on an exception of prescription, the trial court's findings of fact are reviewed under the manifest error standard. *Id.*; *Tenorio v. Exxon Mobil Corp.*, 14-0814 (La.App. 5 Cir. 4/15/15), 170 So.3d 269, 273. When evidence is introduced but the case involves only the determination of a legal issue, not a dispute regarding material facts, an appellate court must review the issue *de novo*, giving no deference to the trial court's legal determination. *Wells Fargo*, 17-0413, p. 8, 231 So.3d at 800; *Cawley v. National Fire & Marine Ins. Co.*, 10-2095, p. 3 (La.App. 1 Cir. 5/6/11), 65 So.3d 235, 237.

Ordinarily, the party urging prescription bears the burden of proving that the cause of action has prescribed. *Vicari v. Window World, Inc.*, 14-870 (La.App. 5 Cir. 5/28/15), 171 So.3d 425, 435. However, when prescription is evident on the face of the pleadings, the burden shifts to the plaintiff to show the action has not prescribed. *Id.*

"Actions on instruments, whether negotiable or not, and on promissory notes, whether negotiable or not, are subject to a liberative prescription of five years. This prescription commences to run from the day payment is exigible." La.

C.C. art. 3498. An installment note normally has a separate five-year prescriptive period for each scheduled payment. When the note has been accelerated, however, the five-year prescription for the entire note begins to run on the date of acceleration. *JP Morgan Chase Bank, N.A. v. Boohaker*, 14-0549, pp. 10-11 (La.App. 1 Cir. 11/20/14), 168 So.3d 421, 428. When there has been more than one lawsuit over a note, and the note is accelerated in the first suit, and a later suit is not filed until more than five years after the acceleration in the first suit, then the claim asserted in the later suit has prescribed. *See Occidental Props., Ltd. v.Zufle*, 14-0494, p. 10 (La.App. 5 Cir. 11/25/14), 165 So.3d 124, 130.

In this matter, Wells Fargo sued in 2002 and dismissed the matter without prejudice after some sort of settlement. In 2003, Wells Fargo sued again, although its efforts to use executory process for a quick seizure were unsuccessful, Wells Fargo decided to dismiss without prejudice. On March 4, 2010, Wells Fargo filed the present action as an ordinary proceeding. The present litigation was initiated more than seven years after the note at issue was accelerated. Because of the acceleration, the note at issue appears prescribed on its face. On February 11, 2002, Wells Fargo filed a petition for executory process, which accelerated and/or recognized a prior acceleration of the June 26, 2000 note. This case was dismissed. On December 16, 2003, Wells Fargo filed its second petition for executory process, including acceleration of the note. This case was also dismissed. However, at the time of acceleration the entire debt/note became due. Accordingly, based on the five-year prescriptive period of La. C.C. art. 3498, the

debt at issue in the instant case prescribed on either February 11, 2007 or at the latest on December 16, 2008.

Wells Fargo urges that Ms. Washington tacitly acknowledged the obligation by making two alleged phone calls, one on September 19, 2005, to a loan servicer to obtain a payoff amount, and the other on July 1, 2009, to a loan servicer to learn the unpaid balance. These are the only communications which Wells Fargo identified in response to written discovery as occurring between Ms. Washington and Wells Fargo or its agents from March 3, 2005, five years before the 2010 action was filed, to the date of response.

Ms. Washington disputes making the phone calls in question. She stated the reasons for her denial in her affidavit as well as her live testimony. Ms. Washington testified in detail as to why she knew she did not make the purported calls as described in the records of the loan servicers. Her testimony included her life situation at the time, such as being essentially homeless for a period after Hurricane Katrina, such that she would she would not have requested a payoff amount at the time of the first purported phone call and recognition that the phone number attached to the second purported call was not hers, but was the phone number for one of the loan servicers. Additionally, Ms. Washington testified that she reviewed her cell phone records for the period of time in question, and they did not reflect that she had made the purported phone calls.[5] She also confirmed the lengthy litigation history between herself and Wells Fargo, from 2002 to the time

---

[5] Her cell phone was her primary, if not only, telephone at the time the purported phone calls were made.

of the hearing, before testifying she had not contacted her loan servicer since Hurricane Katrina.

This was clearly a credibility call by the trial court and there is no indication that its finding was clearly wrong or manifestly erroneous.

Wells Fargo also contends that the trial court erred in finding that its claim had prescribed when Ms. Washington admitted that she tendered payments on the loan in her reconventional demand. The pleading at issue, in Paragraph 31, states:

> Both during and after the litigation of the 03-18612 proceeding Ms. Washington attempted to pay her mortgage payments to Wells Fargo. The tendered mortgage payments were refused numerous times. Eventually, when it became clear that such repeated tenders of payment were a vain and useless act, Ms. Washington ceased tendering payment.

The paragraph at issue was contained in the original reconventional demand, which was dismissed on a no cause of action exception on February 8, 2016. Although it was also contained in the amended answer and reconventional demand filed later by Ms. Washington on October 31, 2017, Wells Fargo filed a motion to strike that pleading as having been untimely filed. The motion to strike has never been heard or ruled on. Furthermore, Wells Fargo has never filed an answer to the reconventional demand and has never taken any other action in reliance on the statements contained in it. In any event, Ms. Washington withdrew her alleged admission during the briefing on the exception of prescription.

Before a judicial admission or confession is binding in a civil matter, a party must rely on said admission or confession to its detriment. *See Yount v. Lafayette Ins. Co.*, 08-0308, p. 18 (La.App. 4 Cir. 1/28/09), 4 So.3d 162, 173-174. Also, a

7

unilateral pleading or allegation in a petition is insufficient, absent a response to it, to constitute a binding judicial admission or confession as a matter of law. Finally, a judicial admission or confession can be revoked for an error of fact. *Barnes v. Riverwood Apartments Partnership*, 43,798, p. 6 (La.App. 2 Cir. 2/4/09), 16 So.3d 361, 366.

Alternatively, Wells Fargo asserts that if prescription is applicable at all to this matter, then it is only applicable to the payments due more than five years prior to the filing of the 2010 lawsuit. The basic premise for its argument is that the dismissal of the prior 2002 and 2003 lawsuits without prejudice somehow de-accelerated the acceleration of the loan caused by operation of La. C.C. art. 3463. However, this is a new argument raised for the first time on appeal. Louisiana appellate courts and the Supreme Court routinely refuse to consider arguments presented for the first time on appeal. *See LHSAA v. State of Louisiana*, 12-1471, p. 15 n. 13 (La. 1/29/13), 107 So.3d 583, 596; *see also* Rule 1-3, Uniform Rules, Courts of Appeal. As such, we will not consider this argument here.

**CONCLUSION**

For the above and foregoing reasons, we affirm the trial court's granting of the peremptory exception of prescription filed by Ms. Washington and its dismissal with prejudice of Wells Fargo's action against her. Parties who are actual or possible defendants should not have to worry about possible litigation for limitless periods of time after an event triggers the right to sue.

**AFFIRMED**