STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2024 CA 0212

**LAURIE MOSHER wife of/and GORDON MOSHER**

**VERSUS**

**WILSERV CORPORATION and ABC INSURANCE COMPANY**

Judgment Rendered: <u>SEP 27 2024</u>

\* \* \* \* \* \* \*

On Appeal from the 21st Judicial District Court
In and for the Parish of Tangipahoa
State of Louisiana
Docket Number 2022-0002105, Div. "A"

Honorable Jeffrey Johnson, Judge Presiding

\* \* \* \* \* \* \*

Sarabeth T. Bradley
Covington, Louisiana

Counsel for Plaintiffs/Appellants,
Laurie Mosher and Gordon Mosher


Paula M. Wellons
Lauren Duncan Kelley
Covington, Louisiana

Counsel for Defendant/Appellee,
Wilserv Corporation


C. Kieffer Petree
Baton Rouge, Louisiana

Counsel for Defendant/Appellee,
James River Insurance Company

\* \* \* \* \* \* \*

**BEFORE: GUIDRY, C.J., PENZATO AND STROMBERG, JJ.**

**PENZATO, J.**

Homeowners appeal from the trial court's October 18, 2023 judgment sustaining the peremptory exception of peremption filed by spray insulation company, finding the homeowners' claim was time-barred under La. R.S. 9:2772. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

Laurie and Gordon Mosher renovated their home to build a seven hundred square-foot addition in late 2012 or early 2013. In connection with the renovation, the Moshers contacted Wilserv Corporation to install spray foam insulation in the addition and in the crawl space of the entire home. On March 26, 2013, Wilserv provided the Moshers with a proposal stating that open cell insulation would be sprayed in specified walls and along the roof line of the addition and closed cell insulation would be sprayed in the crawl space. The proposal stated a lump sum cost of $6,635.00, with no breakdown of costs for materials and labor. After the work was complete, on April 1, 2013, Wilserv provided an invoice to the Moshers, which was substantially similar to the proposal.

In early 2021, the Moshers noticed soft spots in the floor of their home. Then, in August 2021, the Moshers discovered gaps and holes in the spray foam insulation under their bathroom floor and learned that Wilserv installed open cell insulation under the home, in the crawl space, when closed cell insulation should have been used. On July 20, 2022, the Moshers filed suit against Wilserv alleging that it improperly installed the insulation and installed the wrong product by using a mixture of open and closed cell insulation where only closed cell insulation was required. The Moshers sought to recover damages, including the cost of repair.

2

Wilserv's insurer, James River Insurance Company, was made an additional defendant in the Moshers' amended petition.[1]

In response, Wilserv filed a peremptory exception of peremption, asserting the Moshers' claims were preempted by La. R.S. 9:2772, a statute providing a five-year peremptive period for certain types of construction contracts. See La. C.C.P. art. 927(A)(2); State v. Henderson, 2022-0405 (La. App. 1st Cir. 12/15/22), 371 So.3d 28, 32. James River subsequently filed a peremptory exception of peremption, joining and adopting Wilserv's exception to also assert the Moshers' claims were time-barred by La. R.S. 9:2772. In opposition to both exceptions, the Moshers asserted that La. R.S. 9:2772 only applied to contracts to build, and their contract with Wilserv did not satisfy this requirement. The Moshers argued that Wilserv did not construct anything and, instead, performed a service. Thus, the Moshers asserted La. R.S. 9:2772 did not apply.

A trial on both exceptions took place in September 2023. After hearing testimony from Mr. Mosher and admitting Wilserv's proposal and invoice into evidence, the trial court concluded the Moshers' claims were preempted pursuant to La. R.S. 9:2772, finding the contract with Wilserv was a contract to improve immovable property "and falls under the tenants" of La. R.S. 9:2772. A judgment signed on October 18, 2023, sustained the peremptory exception of peremption filed by Wilserv and dismissed the Moshers' claims with prejudice; however, the judgment did not contain a ruling on the exception filed by James River.

The Moshers timely appealed from this judgment. In a single assignment of error, the Moshers assert the trial court manifestly erred when it sustained the exceptions of peremption and determined the parties' contract was a contract to build.

---

[1] The Moshers' original petition named "ABC Insurance Company" as Wilserv's insurer.

# JAMES RIVER

In their briefs filed with this court, both the Moshers and James River contend the trial court granted James River's exception. However, as noted, the judgment on appeal is silent as to James River's exception. Generally, silence in a judgment of the trial court as to any issue, claim, or demand placed before the court is deemed a rejection of the claim and the relief sought is presumed to be denied. *Seale & Ross, P.L.C. v. Holder*, 2019-1487 (La. App. 1st Cir. 8/3/20), 310 So.3d 195, 202. Additionally, an amendment to a final judgment that adds to, subtracts from, or in any way affects the substance of the judgment, is considered a substantive amendment, and is generally prohibited under La. C.C.P. art. 1951. This is true even if the amendment merely expresses the trial court's actual intention; the trial court's written judgment is controlling, even if the trial court intended otherwise. See *Locke v. Madcon Corporation*, 2021-0382 (La. App. 1st Cir. 12/30/21), 340 So.3d 946, 949. Consequently, it is presumed that James River's exception was denied, and the October 18, 2023 judgment may not be amended to incorporate a ruling on the exception.

The judgment's failure to sustain James River's exception is not before us on appeal as James River neither appealed nor filed an answer to the appeal. It is well-settled that a party who has not appealed or answered the appeal may not seek to have the trial court's judgment modified in its favor. *Shepherd v. Schedler*, 2015-1750 (La. 1/27/16), 209 So.3d 752, 762 n.5. See also *Williams v. City of Baton Rouge*, 2002-0339 (La. App. 1st Cir. 2/14/03), 848 So.2d 9, 14 ("an appellate court cannot amend a judgment in favor of a party who has neither appealed nor complained by way of an answer to the appeal."). Therefore, we do not consider the merits of James River's exception, and our ruling in this opinion is limited to the exception filed by Wilserv.

4

# WILSERV

*Applicable Law and Standard of Review*

Peremption is a period of time fixed by law for the existence of a right. Unless timely exercised, the right is extinguished upon the expiration of the peremptive period. La. C.C. art. 3458; see also *Henderson*, 371 So.3d at 32. Peremption statutes must be strictly construed; courts are required to adopt the construction that maintains enforcement of the claim, rather than one that bars enforcement. See *Henderson*, 371 So.3d at 33.

Louisiana Revised Statutes 9:2772 pertinently provides:

> A. Except as otherwise provided in this Subsection, **no action**, whether ex contractu, ex delicto, or otherwise, including but not limited to an action for failure to warn, to recover on a contract, or to recover damages, or otherwise arising out of an engagement of planning, construction, design, or building immovable or movable property which may include, without limitation, consultation, planning, designs, drawings, specification, investigation, evaluation, measuring, or administration related to any building, construction, demolition, or work, **shall be brought…against any person performing or furnishing** the design, planning, supervision, inspection, or observation of construction or the **construction of immovables, or improvement to immovable property**[.]

> \* \* \* \*

> (b) If no such acceptance is recorded within six months from the date the owner has **occupied or taken possession of the improvement, in whole or in part, more than five years after the improvement has been thus occupied by the owner.** (Emphasis added.)

Louisiana jurisprudence has held this statute applies only to contracts to build, not contracts of sale. See *Law Enforcement District of Jefferson Parish v. Mapp Construction, LLC*, 19-543 (La. App. 5th Cir. 5/29/20), 296 So.3d 1260, 1266; *Chaisson v. Avondale Industries, Inc.*, 2005-1511 (La. App. 4th Cir. 12/20/06), 947 So.2d 171, 196, *writ denied*, 2007-0411 (La. 4/5/07), 954 So.2d 145. Additionally, La. R.S. 9:2772(A)(1)(b) has been interpreted to mean possession or occupancy. See *Beverly Construction, L.L.C. v. Wadsworth Estates, L.L.C.*, 2019-0911 (La. App. 1st

Cir. 2/26/20), 300 So.3d 1, 6. See also *Ebinger v. Venus Construction Corp.*, 2010-2516 (La. 7/1/11), 65 So.3d 1279, 1284 (finding the peremptive period in La. R.S. 9:2772 began when the owners took possession of the home or filed an acceptance of the work). Thus, for the Moshers' claims to be perempted by this statute, (1) the claims must arise out of a construction contract, (2) the insulation installation was either immovable property or an improvement to immovable property, and (3) more than five years must have elapsed since the date the Moshers occupied or possessed their home. See *Vicari v. Window World, Inc.*, 14-870 (La. App. 5th Cir. 5/28/15), 171 So.3d 425, 434, *writ denied*, 2015-1269 (La. 9/25/15), 178 So.3d 570.

The party pleading peremption bears the burden of proving a cause of action is perempted. Evidence may be introduced to support or controvert the exception of peremption when the grounds thereof do not appear from the petition. See La. C.C.P. art. 931; *Herman E. v. Robinson*, 2019-0213 (La. App. 1st Cir. 12/27/19), 292 So.3d 561, 564. When evidence is received at the trial of the exception, the appellate court reviews the trial court's factual findings under the manifest error standard. However, in a case involving no dispute regarding material facts, only the determination of a legal issue, a reviewing court must apply the *de novo* standard of review, under which the trial court's legal conclusions are not entitled to deference. *Herman E.*, 292 So.3d at 564.

Here, the record establishes, and the parties do not dispute, that the Moshers are the owners and possessors[2] of the home at issue and have been since 2013,

---

[2] See La. C.C. arts. 477 and 3421, defining ownership and possession, respectively. "Possession" is also defined as "[t]he fact of having or holding property in one's power; the exercise of dominion over property." Black's Law Dictionary (11th ed. 2019). See also *Beverly Construction, L.L.C,* 300 So.3d at 7. In addition to the Moshers' undisputed ownership, the petition states that the Moshers planned to install new flooring throughout the home they owned as part of the renovation. According to the petition, the flooring was installed after Wilserv's work was complete. This further establishes the Moshers' possession of the property, particularly the portion of the home where Wilserv installed insulation. See *Lauren Plaza Associates, Ltd. v. Gordon H. Kolb Developments, Inc.*, 853 F.Supp. 941, 944 (E.D. La.1994) (finding the plaintiff's act of authorizing a lessee to install refrigeration equipment in a portion of the premises constituted partial occupancy or possession by the plaintiff.)

Wilserv was hired to install spray foam insulation in the Moshers' home, Wilserv completed the job on or before April 1, 2013, and the Moshers first filed suit against Wilserv in July 2022. Thus, the issue that must be resolved is whether the undisputed facts establish that the Mosher/Wilserv contract is governed by the peremptive period found in La. R.S. 9:2772, and accordingly, whether the trial court properly granted Wilserv's peremptory exception of peremption. We, therefore, apply the *de novo* standard of review. See *Law Enforcement District of Jefferson*, 296 So.3d at 1268 (applying the *de novo* standard of review to determine the nature of the contract where the material facts were undisputed).

The Moshers maintain the contract was a "contract for a service and/or a contract to sell." Wilserv asserts the contract was a contract to build, and La. R.S. 9:2772 applies because the installation of the insulation was an improvement to an immovable.

### Nature of the Contract

Building contracts are defined by La. C.C. art. 2756, which states, "[t]o build by a plot, or to work by the job, is to undertake a building or a work for a certain stipulated price." See *Matherne v. Barnum*, 2011-0827 (La. App. 1st Cir. 3/19/12), 94 So.3d 782, 787-8, *writ denied*, 2012-0865 (La. 6/1/12), 90 So.3d 442. A person who undertakes to make a work may agree either to furnish his work and industry alone or to furnish also the materials necessary for such a work. La. C.C. art. 2757.

Louisiana courts consider three factors to determine whether a contract is a contract of sale or a contract to build or to work by the job (also referred to as a construction contract). First, in a contract to build, the purchaser has some control over the specifications of the object. *Law Enforcement District of Jefferson Parish*, 296 So.3d at 1267. Mr. Mosher testified that the Moshers made the initial decision to have the insulation installed as part of their home renovation. They selected where and when the insulation was to be installed. Additionally, as the trial court noted,

7

the Moshers also had the option to select batt insulation, rather than spray foam.[3] However, Mr. Mosher testified that they did not have a "say" in the type of foam used, whether closed or open cell, or how it was applied.

The second factor considers the timing of the negotiations, which take place before the object is constructed in a contract to build. *Law Enforcement District of Jefferson Parish*, 296 So.3d at 1267. Mr. Mosher testified that Wilserv's sales agent presented the proposal to the Moshers in March 2013, before Wilserv installed the insulation in April 2013.

Lastly, and most importantly, a building contract contemplates not only that the builder will furnish the materials, but that he will also furnish his skill and labor to build the desired object. *Law Enforcement District of Jefferson Parish*, 296 So.3d at 1267-8. Jurisprudence has consistently held that a contract involving work to be done on the owner's land or building is a construction contract (as opposed to a sale) within the definition of La. C.C. art. 2756, even when the undertaker (contractor) is required to furnish some of the materials. *Matherne*, 94 So.3d at 788. Mr. Mosher confirmed that Wilserv was hired to install the insulation; he did not anticipate that Wilserv would deliver the insulation to be installed by someone else. Mr. Mosher agreed the purpose of the contract with Wilserv was to have a skilled party, Wilserv, use its skill and labor to install the spray foam insulation.

Based on these undisputed facts, we agree with the trial court that the Moshers' contract with Wilserv was a contract to build or to work by the job. See La. C.C. art. 2756. This conclusion is supported by jurisprudence considering the distinction between contracts to build and contracts to sell.

In *Acadiana Health Club, Inc. v. Hebert*, 469 So.2d 1186, 1189 (La. App. 3d Cir. 1985), the court of appeal applied the three factors discussed above and

---

[3] We also take judicial notice of the fact that spray foam insulation is not the only type of home insulation generally available. See La. C.E. art. 201.

8

concluded that a contract for the installation of carpeting and linoleum was a contract to build. The object of the contract was the job of carpeting and flooring a health club facility, not simply the sale of so many feet of carpet and flooring. Although the plaintiff did not have any say as to the specifications of the carpet itself, the plaintiff specified the type of carpeting and flooring to be installed. Most importantly, the contract called upon the skill of the defendant and its employees to install the carpeting and flooring. *Acadiana Health Club, Inc.*, 469 So.2d at 1189. See also *A A Specialty & Supply, Inc. v. Quinn*, 411 So.2d 1165, 1166 (La. App. 1st 1982) (finding the contract for the sale, delivery, and installation of a fireplace was a contract to build).

In *Vicari*, 171 So.3d at 427, the plaintiffs contracted with Window World for the purchase and installation of forty-five custom windows for their home, as well as the removal of the existing aluminum windows. Removal and installation were performed by a third-party, with whom Window World had a pre-existing contract. The Vicaris filed suit against Window World after experiencing problems with the windows, and Window World filed a third-party demand against the installers. *Vicari*, 171 So.3d at 427-8. The parties disputed the nature of the contracts at issue and whether the principal demand was prescribed under the law of redhibition (La. C.C. art. 2534, et seq) and whether the third-party demand was perempted by La. R.S. 9:2772. *Vicari*, 171 So.3d at 428-9.

The court of appeal concluded the Vicari/Window World contract was a construction contract, finding the object of the contract was not simply to sell windows, but to install those windows in the Vicaris' home.[4] "To suggest that the

_____

[4] In the judgment on appeal in *Vicari*, the trial court granted Window World's motion for summary judgment, after finding the Vicari/Window World contract was a sales contract, and dismissed the Vicaris' claims against Window World for the improper window installation and repair as prescribed pursuant to the La. C.C. art. 2534 of the redhibition articles. *Vicari*, 171 So.3d at 431. The court of appeal held that the trial court manifestly erred in finding the Vicari/Window World contract was a contract of sale. *Vicari*, 171 So.3d at 433.

Vicaris' only desire in contracting with Window World was to purchase forty-five custom windows to be delivered and set aside at their home, is illogical." *Vicari*, 171 So.3d at 433. Thus, the court concluded the installation was not incidental to the sale but was the object of the contract. The court further found the Window World/installer contract was also a construction contract.[5] Therefore, both contracts at issue were governed by La. R.S. 9:2772. *Vicari*, 171 So.3d at 434, 436.[6]

The Moshers argue that La. R.S. 9:2772 "requires a builder" and cannot apply to the contract at issue because Wilserv did not build or construct anything. However, by its clear, unambiguous language, La. R.S. 9:2772 is not so limited. When a law is clear and unambiguous and the application of the law does not lead to absurd consequences, the law must be applied as written. La. C.C. art. 9; see also, La. R.S. 1:4; *People for the Ethical Treatment of Animals v. Board of Supervisors of Louisiana State University*, 2023-01396 (La. 6/28/24), 387 So.3d 527, 540.

The cases cited above also contradict the Moshers' argument that La. R.S. 9:2772 only applies where something was built. The defendants did not build the flooring in *Acadiana* or the windows in *Vicari*. See also *Morris & Dickson Co., Inc. v. Jones Brothers Co., Inc.* 29,379 (La. App. 2d Cir. 4/11/97), 691 So.2d 882, 891, *writ denied*, 97-1259 (La. 9/5/97), 700 So.2d 509 (finding a contract to build existed where the parties agreed the defendant would furnish and install underground gasoline storage tanks and use its skill and "know how" to supply an underground storage take system). Similarly, see *Chemical Insulation Co., Inc. v. Arco Builders,*

---

[5] In the judgment on appeal in *Vicari*, the trial court applied La. R.S. 9:2772 to the Window World/installer contract and sustained the installers' exceptions of peremption. *Vicari*, 171 So.3d at 434. The court of appeal concluded that the Window World/installer contract fell squarely within La. R.S. 9:2772, and the trial court did not err in applying the statute's five-year peremptive period to Window World's third-party demand against the installers and their insurers for indemnity and contribution. *Vicari*, 171 So.3d at 435.

[6] Courts have also applied the "value test" to determine the nature of a contract. Under the "value test," the court determines whether the labor expended in constructing the item, or the materials incorporated therein, constitute the principal value of the contract. *Vicari*, 171 So.3d at 433. The record does not establish the separate value of Wilserv's labor and the materials; therefore, we do not consider the value test.

*Inc.*, 55,230 (La. App. 2d Cir. 8/9/23), 369 So.3d 483, 487, *writ denied*, 2023-01235 (La. 11/21/23), 373 So.3d 449 (rejecting the argument that La. R.S. 9:2772 is limited to claims arising out of deficient work and applying the statute to a subcontractor's claim against the contractor to recover the unpaid balance owed pursuant the parties' contract for roofing services). Consequently, we find no merit in the Moshers' argument that La. R.S. 9:2772 "requires a builder."

***Improvement to Immovable***

The insulation was incorporated into the Moshers' home, an immovable, such that it became immovable or constitutes an improvement to immovable property under La. R.S. 9:2772. See *Vicari*, 171 So.3d at 434 (finding the installation of windows into the plaintiffs' home was an improvement to an immovable.)

Once a home is constructed, it becomes an immovable. See La. C.C. arts. 462 and 463; *Dugas v. Cacioppo*, 583 So.2d 26, 27 (La. App. 5th Cir. 1991). Things incorporated into a building or other construction, so as to become an integral part of it, such as building materials, are its component parts. La. C.C. art. 465. Similarly, things that are attached to a building and that, according to prevailing usages, serve to complete a building of the same general type, without regard to its specific use, are its component parts. Component parts of this kind may include doors, shutters, gutters, and cabinetry, as well as plumbing, heating, cooling, electrical, and similar systems. La. C.C. art. 466.

Like these items, insulation is a material that, according to prevailing usages, serves to complete a residence. See La. C.C. art. 466. Mr. Mosher testified that the portions of the Moshers' home not included in the scope of Wilserv's work were already insulated. He advised Wilserv he needed the addition insulated and "all of [the] house insulated as per standards" and instructed Wilserv to insulate "the areas that needed insulation." According to the Moshers' petition, the insulation was installed inside the walls, and they did not discover issues with the insulation until

11

they removed the flooring in their bathroom. The average, ordinary, prudent home buyer would expect insulation installed into the walls and under the floors of a residence will be there when he arrives to take possession. See *Exxon Corp. v. Foster Wheeler Corp.*, 2000-2093 (La. App. 1st Cir. 12/28/01), 805 So.2d 432, 435, *writ denied*, 2002-0261 (La. 3/28/02), 812 So.2d 633, quoting the "societal expectation test" as set forth in *Equibank v. United States, Internal Revenue Service*, 749 F.2d 1176 (5th Cir.1985). See also *American Bank & Trust Co. v. Shel-Boze, Inc.*, 527 So.2d 1052, 1055 (La. App. 1st Cir. 1988), *writ denied*, 532 So.2d 155 (La.) (finding that wired light fixtures and carpet were component parts of a home upon installation; a reasonable person buying a residence expects finished flooring to be there when he takes possession).

Thus, we agree with the trial court that La. R.S. 9:2772 applies to the Moshers' claims against Wilserv. Because the Moshers failed to assert their claims against Wilserv before the expiration of the five-year peremptive period, their claims are time-barred.

## DECREE

The October 18, 2023 judgment sustaining the peremptory exception of peremption filed by Wilserv Corporation is affirmed. All costs of this appeal are assessed against Laurie and Gordon Mosher.

**AFFIRMED.**